**Huron Ted WALTERS, Petitioner,**

v.

**UNITED STATES of America,**
**Respondent.**

No. FS–69–C–110.

United States District Court,
W. D. Arkansas,
Fort Smith Division.

Dec. 15, 1969.

Huron Ted Walters, pro se.

Robert E. Johnson, Asst. U. S. Atty.,
Ft. Smith, Ark., for defendant.

OPINION

JOHN E. MILLER, Senior District
Judge.

On November 14, 1969, the court enter-
ed an order permitting the petitioner
to file a petition in forma pauperis to
vacate judgment in Criminal Action No.
3943, United States v. Huron Ted Walt-
ers.

The petitioner alleged:

" * * * that on November 3, 1938,
Huron Ted Walters and Floyd Garland
Hamilton appeared before the Honor-
able Heartsill Ragon (deceased) sit-
ting at Fort Smith, Arkansas, and upon
their plea of guilty, judgment accord-
ingly entered that he be found guilty
of Eight (8) Counts of violation former
Title 18, United States Code, Section
408, now found in Section 2312, et seq.,
Title 18, U.S.C."

\* \* \* \* \* \*

"The position of movant is taken that
judgment entered in Case No. 3943
is null, void, moot and no longer in
force, in that: (1) Judgment obtained
through deceit and coercion is judg-
ment that cannot stand under direct
attack, nor withstand a collateral as-
sault, for; (2) Petitioner, Huron Ted
Walters is altogether innocent of any
and all charges, laid out in case No.
3943, that; (3) he plead guilty with a
foregone agreement that he would nev-
er serve one day of any sentence given
as any sentence pronounced would be
served concurrently with that imposed
in Case No. 3942."

\* \* \* \* \* \*

" * * * that he was led by counsel
to plead guilty believing that the sole
interest of the Government being to

'clean up the books' and no sentence would be served. With that settled 'concurrent' sentence in mind, he plead guilty to 8 counts of Dyer Act."

It seems necessary to set forth chronologically the facts as reflected by the record in Criminal Actions 3943 and 3942.

On September 22, 1938, the Grand Jury, sitting in the Texarkana Division, returned an indictment (Criminal Action 3418, Texarkana Division) containing two counts charging the petitioner and a co-defendant, Floyd Garland Hamilton, with violation of 12 U.S.C., Sections 588a and 588b, which section was later superseded by 18 U.S.C. § 2113 on June 25, 1948. The same Grand Jury also returned an indictment containing eight counts against the petitioner and his co-defendant (Criminal Action No. 3419, Taxarkana Division) charging them with a violation of 18 U.S.C. § 408 (1940 Edition), which was superseded by 18 U.S.C., Section 2312, on June 25, 1948.

Upon the return of the indictments the petitioner and his co-defendant filed a motion to transfer both indictments, and in said motion stated:

"That the defendants each, understanding the nature of the charges pending against them, desire to enter a plea of guilty to all counts of said indictment and if said cause is not transferred to Fort Smith the defendants will be required to remain in jail until the next regular term of court at Texarkana, Arkansas. If this cause is transferred to the Fort Smith Division of said district the defendants each agree to enter a plea of guilty to all counts of the indictment in this case."

The cases were transferred, and the indictment charging a violation of the Dyer Act was docketed in the Fort Smith Division as Criminal Action No. 3943. The case charging robbing the bank, etc., was docketed as Criminal Action 3942. Upon arraignment in Case No. 3942, the petitioner and his co-defendant entered a plea of guilty to both counts and were sentenced on Count 1 to serve a term in prison of 20 years, and on Count 2 to serve a term of 25 years, to run concurrently with the term of imprisonment adjudged on the first count.

In Criminal Action No. 3943, the petitioner and his co-defendant, upon arraignment, entered a plea of guilty to each of eight counts charging violations of the Dyer Act, and were sentenced as follows:

| | | |
|---|---|---|
| First Count | — | Five years. |
| Fourth Count | — | Five years to begin at the expiration of the term of imprisonment on Count 1. |
| Fifth Count | — | Five years to begin at the expiration of the sentence on the Fourth Count. |
| Sixth Count | — | Five years to begin at the expiration of the sentence on Count 5. |
| Seventh Count | — | Five years to begin at the expiration of the sentence on Count 6. |
| Eighth Count | — | Five years to begin at the expiration of the sentence on Count 7. |

On each of Counts 2 and 3—Five years "to run concurrently" with the term of imprisonment adjudged on the First Count.

The judgment further provided as follows:

"that the terms of imprisonment herein adjudged on the first, second, third, fourth, fifth, sixth and seventh counts of the indictment to run concurrently with the imprisonment this day by this court adjudged against the said Huron Ted Walters in Case No. 3942."

On August 25, 1949, the petitioner and his co-defendant filed motions "for a nunc pro tunc order staying execution date of sentence" in Criminal Action 3943, which motions were overruled.

On February 24, 1955, the court, upon petition of petitioner's co-defendant, Floyd Garland Hamilton, entered an order holding that the sentence of 25 years imposed upon the defendant Hamilton on Count 2 of the indictment in Criminal Action 3942 was invalid, and the same was vacated, set aside and held for naught.

On December 27, 1968, the petitioner herein filed a motion for correction of sentence in Criminal Action 3942, and for "legal interpretation of the sentences imposed in Criminal Action 3943." Upon that petition the court entered an order vacating the sentence on Count 2 of Criminal Action 3942, the same as had been entered relative to the co-defendant Hamilton. In reference to the prayer of the petition for legal interpretation of the sentences imposed in Criminal Action 3943, the petitioner alleged that the sentences in Criminal Action 3943 (Dyer Act) had expired, and incidentally mentioned some action that had been taken by the Board of Parole, but did not elaborate thereon, and the court in that connection provided in the order "that the motion of petitioner for an order declaring all sentences imposed in Criminal Action No. 3943 have been served and that the defendant should be released is denied without prejudice to such further action as said petitioner may desire to take in a court of competent jurisdiction."

The respondent, United States, filed a response to the present petition, and referred to the records of the prison submitted by the Administrative Assistant, Classification and Parole, U. S. Penitentiary, Leavenworth, Kansas. These records show that the petitioner was released from the penitentiary pursuant to the provisions of 18 U.S.C. § 4163 (mandatory release) on May 10, 1957, and was immediately taken into custody by the State of Texas. He was paroled by the Texas authorities on November 3, 1959, and in May 1960 his parole was revoked by the Texas authorities, but no action was taken by the United States on this alleged violation, nor until his failure to return to the institution which had granted an emergency reprieve due to expire on December 27, 1961. A parole warrant was issued on April 4, 1962, for the petitioner, and on October 9, 1968, upon his release from the Texas penitentiary, Huntsville, Texas, he was taken into federal custody, and on November 13, 1968, recommitted as a parole violator.

The "Certificate of Conditional Release," inter alia, provides:

"It having been certified to this board that Huron Ted Walters 53850-L now confined in the USP, Leavenworth, Kansas, is entitled to 4194 days (3600-SGT & 594-EGT) deduction from the maximum term of sentence imposed as provided by law, and is to be released from this institution under said sentence on May 10, 1957; and it being provided by Section 4164, Title 18, U. S.C., as amended, that such person shall upon release be treated as if released on parole and continue on parole until expiration of the maximum term or terms of sentence, less 180 days;"

At the time of the mandatory release, the petitioner had served 18 years, 6 months, and 7 days of the maximum sentences, and when recommitted after his arrest for violation of his parole, he had a total of 4194 days to be served as a violation of parole.

The petitioner contends that all of the sentences were completed prior to 1962, and that the Parole Board had no jurisdiction over him and that no warrant might issue after the maximum period had expired. The warrant was issued April 4, 1962, and, as heretofore stated, was executed on November 13, 1968.

The contentions of the petitioner as to the validity of the warrant issued on the charge of violating the terms of his parole are without merit. See, Clark v. Blackwell (5 Cir. 1967), 374 F.2d 952; Melton v. Taylor (10 Cir. 1960), 276

F.2d 913; Teague v. Looney (10 Cir. 1959), 268 F.2d 506; Hedrick v. Steele (8 Cir. 1951), 187 F.2d 261; 18 U.S.C. § 4205.

■ As to the contention that he was misled by his counsel in entering the plea to the eight counts charging violations of the Dyer Act, the court is of the opinion that the allegation is not sufficient to justify a hearing. It will be remembered that this petitioner and his co-defendant, in their petition for a transfer of the cases from the Texarkana Division to the Fort Smith Division, stated that if the transfer was made they would enter a plea of guilty to all charges. This occurred more than 30 years ago. Judge Heartsill Ragon, who presided and who pronounced the sentences; the United States Attorney and his assistants; the Clerk of the Court and his assistants; and one of the attorneys who represented the defendants, Mr. G. C. Hardin, are deceased. Mr. Fadjo Cravens was associated with Mr. Hardin, but he has no recollection of any promise of any kind being made to the defendants relative to the service of the sentences in either of the cases.

The first assault on the sentence imposed in No. 3943 was made by both the petitioner and his co-defendant, Floyd Garland Hamilton. A motion for a nunc pro tunc order staying execution was filed August 25, 1949. In his motion Hamilton alleged:

"I should like to point out that my appearance in court occasioned the newspapers, radios and well-meaning social groups to weave a close net around myself, my brother (Raymond Hamilton) and Clyde Barrow, with whom I had not been even remotely associated in crime. This mass influence undoubtedly was strongly felt by the court, and as a result my sentence was excessive to what it would have been under ordinary circumstances. I might add at that time public sentiments were aroused by crimes and criminals that unjustly associated me with their acts. Due to publicity instigated by the press, I believe that the court in sentencing me was not sentencing me for my crime alone but those of my brother Raymond and Clyde Barrow. I feel that the court in reaching my term of imprisonment associated me with the acts of these publicized characters who were notorious in the southwest for their crimes against society. It would have been impossible for the court not to be aware of the infamous acts committed by my brother Raymond and Clyde Barrow."

The allegations in the motion of the petitioner, Walters, are similar to the allegations made by Hamilton in that he alleged that he had been wrongly associated by the court with Clyde Barrow, and that the crimes committed by Barrow and Raymond Hamilton, brother of the co-defendant, caused the court to assess an excessive sentence.

The court considered the motions, and on September 26, 1949, entered its order overruling the motion of the petitioner as well as the motion of the co-defendant, Floyd Garland Hamilton.

The allegations now made that counsel for the petitioner as well as for his co-defendant led them to believe that the sentences assessed in No. 3943 would all run concurrently with the sentences assessed in No. 3942 are not sufficient to require this court to have a hearing on the motion.

■ 12 Cyclopedia of Federal Procedure, 3d Ed., Sec. 50.01 et seq.; United States v. Horton, (2 Cir. 1964) 334 F.2d 153; and Cardarella v. United States, (8 Cir. 1967) 375 F.2d 222, establish clearly that there is no right to a Section 2255 hearing if a hearing would serve no useful purpose, or if the allegations of the motion to vacate, when accepted as a correct statement of the facts, do not constitute as a matter of law a failure to have the effective assistance of counsel in the trial.

The present plight of petitioner is the result of his repeated wilful violations of his parole. It seems unnecessary to set

forth all of the various acts charged against him while on parole, and suffice it to say that certainly the Board of Parole was fully justified in causing his arrest and re-incarceration.

Therefore an order is being entered today denying and dismissing the petition filed November 14, 1969.