**Huron Ted WALTERS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 20117.**

United States Court of Appeals,
Eighth Circuit.

May 8, 1970.

Huron Ted Walters, pro se.

Bethel B. Larey, U. S. Atty., Fort Smith, Ark., and Robert Johnson, Asst. U. S. Atty., for appellee.

Before MATTHES, LAY ánd HEANEY, Circuit Judges.

PER CURIAM.

Huron Ted Walters, a federal prisoner, has appealed from the order of the district court, the Honorable John E. Miller, denying his motion to vacate the judgment on pleas of guilty to Dyer Act violations entered on November 3, 1938, almost 32 years ago. The district court opinion is reported at 311 F.Supp. 761 (W.D.Ark.1970). We affirm.

The pertinent background facts are delineated in Judge Miller's opinion; hence, we refrain from again detailing the events giving rise to this proceeding.

It is sufficient to observe that the record of the district court clearly and convincingly establishes that appellant, represented by two prominent Arkansas lawyers, voluntarily and knowingly entered pleas of guilty on the above date, not only to eight counts of an indictment charging eight violations of the Dyer Act, but also to a 2-count indictment charging bank robbery and assault in committing the robbery. The sentences imposed on the bank robbery charges have not been attacked by appellant. His challenge is limited to the 30 years imposed on his conviction for the violations of the Dyer Act.

Appellant now contends that his conviction should be overturned because he was inadequately represented by counsel, because his guilty plea was given through "ignorance, fear or inadvertence," or because the judgment was "gathered through deceit and coercion." Our analysis of the district court files convinces us that these complaints lack substance, and that the district court properly resolved the issues presented.

As shown by Judge Miller's opinion, appellant was paroled on May 10, 1957, and was taken into custody by the state of Texas. He was granted a parole by the Texas authorities on November 3,

1959. That parole was revoked in May, 1960. No action was taken by the federal parole office on the Texas violation, and it was not until appellant failed to return to the Texas institution which had granted him an emergency reprieve that the federal authorities issued the parole warrant which led to appellant being recommitted as a parole violator.

Thus, we reach the obvious conclusion that appellant's present predicament flows from his transgressions of the law while on parole. From this we deduce that this belated attack upon his conviction comes as an afterthought, and probably was ingeniously conceived because all of the court officials participating in the 1938 proceedings, the sentencing judge, the United States attorney, the clerk of the court and their assistants and one of the defense attorneys, are deceased.

Be that as it may, we find no rational basis for interfering with the district court's disposition of the proceeding.

Affirmed.