## UNITED STATES v. SHNEER.

### Cr. No. 15991.

United States District Court
E. D. Pennsylvania.

May 17, 1951.

On Motion to Withdraw Plea July 11, 1952.

Gerald A. Gleeson, U. S. Atty. and Leon H. Fox, Asst. U. S. Atty., of Philadelphia, Pa., for plaintiff.

William A. Gray and Lester J. Schaffer, of Gray, Anderson, Schaffer & Rome, of Philadelphia, for defendant.

BARD, District Judge.

On December 12, 1950 Morris Shneer was indicted on indictments Nos. 15978, 15979 and 15991.

On February 13, 1951 he was arraigned on indictments Nos. 15978 and 15979. On February 21, 1951 he was arraigned on indictment No. 15991. On each indictment defendant pleaded not guilty. At both arraignments counsel for defendant stated in open court that on February 9, 1951 he had filed motions to dismiss each indictment because the indictments failed to give certain particular information necessary for a proper defense.

On March 5, 1951, in open court, counsel for defendant stated that in the interim the United States Attorney had provided him with the necessary information and that on the basis of this information he believed that even if the present indictments were dismissed, other indictments could be returned that would be valid. Therefore, counsel withdrew his motions to dismiss the indictments.

Immediately after withdrawing these motions to dismiss, defendant changed his plea

of not guilty on each indictment to a plea of nolo contendere, and his counsel informed the court that he had explained to the defendant that this court considers a plea ·of nolo contendere the same as a plea of guilty.

On March 19, 1951 defendant was sentenced on indictment No. 15978 to pay a fine of $300, on indictment No. 15979 to pay a fine of $200, and on indictment No. 15991 to pay a fine of $500 and to be imprisoned for a period of two years.

On March 24, 1951 counsel for defendant presented a petition for modification of sentence on the ground that defendant's mother was seriously ill of a heart ailment, that she had no knowledge of her son's incarceration, and that the disclosure of such fact to her may prove fatal.

On April 5, 1951 a hearing on that petition was heard in open court, and on the same date the court declined to modify the sentence and denied the petition.

On April 13, 1951 new counsel for defendant filed a motion to set aside judgment of conviction and to permit defendant to withdraw his plea of nolo contendere, which motion is now before me. The allegations were made that the indictment is legally defective because of improper joinder of counts, that the prosecution was barred by the statute of limitations, and that defendant withdrew his motions to dismiss the indictments and· entered pleas of nolo contendere on the representation and assurance of an Assistant United States Attorney that if the defendant would change his plea to guilty or to nolo contendere, the United States Attorney would recommend the imposition of a fine only and the defendant would not be sentenced to jail.

On April 30, 1951 a hearing on this motion was held in open court and testimony was taken.

Present counsel for defendant strongly urges that defendant changed his plea of not guilty solely on the representations of the Assistant United States Attorney that defendant would not go to jail, and that but for these representations defendant would not have changed his plea and would have pressed his motion to have the indictments permanently dismissed.

The questions of whether the indictments improperly joined different counts and whether the statute of limitations permanently barred prosecution were and are waived by defendant's plea of nolo contendere to each indictment. These questions need no further consideration.

Present counsel's main attack is on the · basis of the representation that defendant would not go to jail.

Original counsel in his testimony on the witness stand on April 30th did not go as far as present counsel contends. To the best of my recollection, original counsel testified that the Assistant United States Attorney voluntarily told him that if the defendant changed his plea to guilty, defendant would be fined but not sentenced to jail, that he relied upon this statement knowing that the Assistant United States Attorney had no right to commit the Court to impose such a sentence, that he knew that no prior defendant had been sentenced to jail in this type of case when he had pleaded guilty, that he advised this defendant to plead nolo contendere in view of the Assistant United States Attorney's statement because there was at least a probability that a jury would convict him, whereupon defendant would probably be sentenced to jail, that he considered the Assistant United States Attorney's utterance as a statement and not as a guarantee that defendant would not go to jail, and that he did not feel that he or defendant had been overreached or "double-crossed" when the Court imposed a jail sentence.

Nathan Briskin testified that he is the brother-in-law and business partner or associate of defendant, that he knew the Assistant United States Attorney but did not recall how he knew the Assistant United States Attorney, that he had never spoken with him before, that he approached the Assistant United States Attorney in the corridor outside the courtroom on an impulse of the moment and without introducing himself asked whether the Assistant United States Attorney was sure defendant would not be sentenced to jail, and that the Assistant United States Attorney, with-

out asking him who he was, said that no jail sentence woud be imposed. In view of the Assistant United States Attorney's denial and all the circumstances, this testimony of Briskin lacks convincing persuasiveness.

On the other hand, two Assistant United States Attorneys and one special agent of the Federal Bureau of Investigation emphatically denied the claim that a promise or representation of any sort was made to defendant, to defendant's counsel or to anyone else.

Such representations, if made, are not binding upon the Court, and in this case I would not have been so bound. Even had the Assistant United States Attorney recommended that defendant be sentenced to pay a fine only, I would have imposed a jail sentence. Only defendant's good reputation in his community and his prior good record influenced me to refrain from imposing a longer jail sentence than I did.

Furthermore, at the time of sentence, original counsel in his plea for leniency pointed out that after defendant changed his plea to nolo contendere, defendant agreed and was ready to testify in the trials of two other defendants who had pleaded not guilty, and that because of this defendant's expected testimony they too changed their pleas to guilty. Whereupon, I stated that if it were not for some of the other defendants who pleaded guilty from the start, perhaps the case would not have broken against this defendant. Original counsel then replied, "If I had felt at the outset that the indictments were valid indictments, I would not have entered a not guilty plea. I would have entered a nolo contendere plea, with your Honor's permission, *at the first instance.*"

Before I sentence any defendant I have the firm rule, which I followed in this case, to apprise myself fully of the circumstances of the crime and to investigate completely defendant's background and personal life. There is no question but that defendant is guilty, and that the sentence is proper and not excessive in view of the fact that under the law defendant is eligible for parole at the expiration of eight months from the date of sentence.

The motion of defendant Morris Shneer to set aside the judgment of conviction and to permit him to withdraw his plea of nolo contendere is hereby denied.

On Motion to Permit Defendant to Proceed Further in District Court to Set Aside the Judgment of His Conviction and to Withdraw His Plea of Nolo Contendere.

Defendant Morris Shneer presented his motion to proceed further in the District Court in accordance with the opinion of the Court of Appeals filed by that court on February 29, 1952.

On December 17, 1950 defendant was indicted in three indictments and pleaded not guilty to each indictment. Subsequently, he withdrew his pleas of not guilty and entered pleas of nolo contendere, knowing that this court considers this plea the same as a plea of guilty. On March 19, 1951 sentence was imposed consisting of a fine and imprisonment. Thereafter, a petition for modification of sentence and a motion for arrest of judgment was filed; the petition was heard and denied. He then changed counsel.

New counsel filed a motion to set aside the judgment of conviction and to permit defendant to withdraw his plea of nolo contendere on the ground that he had been misled into changing his plea in the belief that he would not be sentenced to jail. The motion in arrest of judgment was withdrawn, and a hearing was held on the remaining motion to set aside the judgment of conviction and to withdraw the plea of nolo contendere. On May 17, 1951 I denied that motion in a detailed unreported opinion. On February 29, 1952 the Court of Appeals for the Third Circuit affirmed my denial of this motion, but without prejudice to such further proceedings as defendant might wish to take in the District Court on the issue of the advice upon which he changed his plea. 194 F.2d 598.

It is such further proceedings that are now before me.

The testimony adduced at the prior hearing on this motion and at other hearings in this case is in the record and has been

886

fully discussed in two opinions; it need not be repeated here.

To supplement that testimony and to proceed in accordance with the suggestion contained in the opinion of the Court of Appeals, another hearing was held April 7, 1952. Former counsel again testified, this time somewhat more positively than he had at the prior hearing. He said that the Assistant United States Attorney had advised him that upon a change of plea no prison sentence would be imposed, only a fine, and "that is what I told Mr. Shneer, and I advised him on the basis of that assurance that I received from Mr. Fox [the Assistant United States Attorney], to change the plea because I thought that it was the practical thing to do. I even believe I said to him that I felt I would rather do that than take a chance with a jury, even though I am innocent." Former counsel testified that he knew that the Court could not be bound by any "assurance" given him by the Assistant United States Attorney.

In my former opinion I discussed fully the legal effect of what took place between the Assistant United States Attorney and defendant's former counsel and absolved the government counsel of any improper action. I do not wish to change any of my findings and conclusions relative to the proceedings between the Assistant United States Attorney and defendant's former counsel. Irrespective of what transpired in the conference of these two attorneys, a separate and distinct issue presents itself.

The major issue presented in this last hearing is whether, under the law of this case as laid down by the Court of Appeals, defendant was misled and changed his plea from not guilty to nolo contendere in *reasonable reliance* upon misrepresented information from his lawyer that he would not be sentenced to jail.

Defendant testified that he changed his plea solely on his former counsel's guarantee that he would not go to jail, and that he was willing to bear the stigma of a nolo contendere plea in order to give his family relief from the rigors of a court trial, since they were already burdened with death and illness in the family.

The testimony of defendant's former counsel and of a lawyer friend corroborated him. Defendant's former counsel and his friend were both members of the bar who knew that this or any other court could not and would not be bound by any such assurance or guarantee. Regardless of this, I cannot avoid the conclusion that defendant changed his plea in reliance upon the improvident assurance he would not go to jail except by discrediting the testimony not only of defendant but also of two reputable attorneys.

In view of the entire record and the circumspect caution so restrainedly yet so eloquently and artistically delineated in the admirable opinion of the Court of Appeals for our guidance, it might well be that a denial of the present motion might fail to correct a manifest injustice.

Granting the motion does not grant an acquittal. It will grant defendant an opportunity to be tried by a jury of his peers who will determine his guilt or innocence.

In the interest of justice, defendant Morris Shneer's motion to set aside the judgment of his conviction and to withdraw his plea of nolo contendere will be granted.