Armour BAILEY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 7162.

United States Court of Appeals
Tenth Circuit.

Jan. 24, 1963.

Roland E. Camfield, Jr., Denver, Colo., for appellant.

Robert M. Green, Asst. U. S. Atty., Wichita, Kan. (Newell A. George, U. S. Atty., Wichita, Kan., with him on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

This is an appeal from an order of the United States District Court for the District of Kansas denying the appellant Bailey's motion, under 28 U.S.C. § 2255, to vacate a judgment and sentence. Bailey pleaded guilty to an indictment charging him with burglarizing the State Bank of Colwich, Kansas, a bank insured under the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. § 2113, and was sentenced to serve a term of 15 years. The trial court stated that the grounds for his motion were: [1]

"a. The Court, at the time of sentencing, failed to comply with the requirements of Rule 32(a) of the Federal Rules of Criminal Procedure by failing to afford petitioner an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment before imposing sentence.

"b. The Court failed to comply with the requirements of Rule 11 of the Federal Rules of Criminal Procedure at the time petitioner entered his plea of guilty by accepting such plea without first determining that it was made voluntarily with an understanding of the nature of the charges against him.

"c. Petitioner's plea of guilty was not entered voluntarily with an understanding of the nature of the charges."

After a comprehensive hearing, the trial court found:

" * * * from all of the files, records and evidence presented at the

---

1. A letter written by Bailey to the trial court was treated by it as a motion under 28 U.S.C. § 2255.

hearing that: Petitioner was afforded an opportunity, prior to imposition of sentence, to make a statement in his own behalf and present any information he desired in mitigation of punishment. Petitioner's plea of guilty to the offense charged in the Indictment was voluntarily, advisedly, understandingly and intelligently entered by him after several consultations and conferences with his retained attorney and with full knowledge and understanding of the nature of the charge and the penalty which could be imposed upon such a plea and because he was, in truth, guilty of the offense charged."

This finding is abundantly supported by the evidence.

The charge supporting the sentence which the petitioner seeks to attack in this proceeding arose out of a series of thirteen bank and post office robberies and burglaries perpetrated in and around eastern Kansas. Bailey was involved in seven of these, including the robbery of the Colwich, Kansas bank. At fifty-four years of age, he was no newcomer to the criminal courts, having been on four previous occasions arraigned in other courts on charges somewhat similar to these. Before his arrest, and thereafter, Bailey was represented by competent counsel, of his own selection, who

testified that his client was fully advised as to the nature of the charge and the possible sentence.[2] Prior to his arraignment on all of these charges, Bailey had consulted his attorney ten to fifteen times.

The petitioner could not have been confused as to which charge or indictment he was pleading to, because all of the indictments were read to him, and eventually he pleaded guilty to every count. The only one to which he now objects is the one involving the robbery of the Colwich, Kansas bank, for which he received a sentence of 15 years. Rule 11 of the Federal Rules of Criminal Procedure provides that the court shall not accept a plea of guilty "without first determining that the plea is made voluntarily with understanding of the nature of the charge." Under the circumstances revealed by the record, the court's information was such that it knew that Bailey fully understood the nature of the charges against him, and entered his plea voluntarily. In this respect, the case is similar to Nunley v. United States, 10 Cir., 294 F.2d 579, 580, cert. denied 368 U.S. 991, 82 S.Ct. 607, 7 L.Ed.2d 527, where it was said:

"Rule 11 does not require any ritualistic ceremonial. A sentencing court does not have to conduct a hearing and make a finding showing compliance with the rule before

2. As to Bailey's knowledge of the charges against him, the attorney testified, without objection:

"A. He saw the copy of the indictment at the time we were over at the sheriff's office.

"Q. And he did become familiar with the contents of this indictment at that time?

"A. He observed it. I don't know whether he could read it or not and understand it.

"Q. But you discussed the contents with him?

"A. Yes.

"THE COURT: Did you explain it to him?

"A. Yes, sir, I did.

"THE COURT: Did he have any questions to ask you about it?

"A. This is when the comment came up that he did not see how they could make it stick.

"THE COURT: I see.

* * * * *

"MR. GREEN: At a later time, Mr. Aikens, did he advise you as to his desire to change his plea from not guilty to guilty?

"A. Yes, sir, he did.

"Q. And was that with full knowledge of the—that there was a penalty involved in the burglary of this bank?

"A. Yes. In fact, he advised me as to what the penalty was.

"Q. He told you what the penalty was for a burglary?

"A. That is right.

"Q. And this was prior to entering his plea of guilty?

"A. Correct. * * *"

accepting any guilty plea. If there is any aspect of the situation which suggests that the requirements of the rule are not satisfied, appropriate inquiry must be made. That is not the case here. The accused, experienced in the ways of criminal proceedings and represented by able counsel, was properly advised of the charges and the consequent possibilities. * * * " (Footnote omitted)

There is no merit to the contention that the plea of guilty resulted from a promise that the maximum sentence which would be imposed after such a plea would be 5 years. There is no evidence that the prosecution, or any agent of the United States, made any such promise, or knew of any, to induce the plea of guilty. The extent of the evidence is the testimony of Bailey which was to the effect that his attorney had indicated the possibility of a 5 year sentence. The attorney denied that any such promise was made prior to the plea. Neither is there any merit to the contention that the judgment and sentence should be vacated for failure to comply with Rule 32(a) of the Federal Rules of Criminal Procedure. Upon sentencing, Bailey's attorney spoke in his behalf. At the conclusion of the attorney's remarks, the court addressed the defendant personally, as follows: "Armour Bailey, do you know of any reason why judgment and sentence of the Court should not now be pronounced upon you?" Bailey answered, "No, sir." He was then sentenced to the custody of the Attorney General for a period of 15 years. In Johnston v. United States, 10 Cir., 303 F.2d 343, cert. denied 368 U.S. 906, 82 S.Ct. 186, 7 L.Ed.2d 100, this court held, in a similar situation, that there was substantial compliance with Rule 32(a), and that the failure of the court to follow the formal requirements of that rule was not of itself an error that could be raised by collateral attack under Section 2255, citing Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417. See also Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473.[3]

Affirmed.

---

3. In discussing the procedure which should be followed when a defendant is sentenced, the Supreme Court, in Green v. United States, 365 U.S. 301, 305, 81 S.Ct. 653, 655, 5 L.Ed.2d 670, said:

"However, to avoid litigation arising out of ambiguous records in order to determine whether the trial judge did address himself to the defendant personally, we think that the problem should be, as it readily can be, taken out of the realm of controversy. This is easily accomplished. Trial judges before sentencing should, as a matter of good judicial administration, unambiguously address themselves to the defendant. Hereafter trial judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing." This admonition is equally applicable to the necessity of complying with the requirements of Rule 11 when a plea of guilty is accepted.