**UNITED STATES of America, Respondent-Appellee,**

v.

**Henry I. HORTON, Jr., Petitioner-Appellant.**

**No. 471, Docket 28637.**

United States Court of Appeals Second Circuit.

Argued June 2, 1964.

Decided June 12, 1964.

---

**154**

Samuel Gruber, Stamford, Conn., for appellant.

Robert C. Zampano, U. S. Atty., New Haven, Conn., for appellee.

Before FRIENDLY, KAUFMAN and MARSHALL, Circuit Judges.

FRIENDLY, Circuit Judge.

In April, 1961, appellant Horton was apprehended in Florida and brought to Connecticut to respond to a 23-count indictment in the District Court, charging postal money order violations under 18 U.S.C. § 500; in May, 1961, he was indicted for a bank robbery in the District Court for Rhode Island under 18 U.S.C. § 2113. He engaged private counsel in Connecticut, on whose advice he executed a consent to the transfer of the Rhode Island indictment to Connecticut for plea and sentence, F.R.Crim.Proc. 20, and subsequently, after full compliance by Chief Judge Anderson with F.R.Crim. Proc. 11, including repeated questions to assure that Horton was pleading "of

his own free will" and not because of threats or "promises of leniency of any kind," he pleaded guilty to one count of the Connecticut indictment (the other 22 being dismissed on motion of the United States Attorney) and to the Rhode Island indictment. In June, 1961, the court sentenced him to 16 years' imprisonment for the bank robbery and two years for the postal money order violation, the sentences to run consecutively. In December, 1961, Horton moved under 28 U.S.C. § 2255 to vacate the sentences; Judge Anderson denied the motion. Later he granted a rehearing and assigned counsel; after taking evidence, he adhered to his decision.

The ground pressed on appeal is that Horton was induced to plead guilty by advice from his privately engaged attorney, Cohn, that the then United States Attorney, Hultgren, had told Cohn (1) that the sentences would run concurrently, (2) that Hultgren would not anticipate a sentence greater than ten years, and (3) that, if asked by the sentencing judge for a recommendation, he would recommend a sentence of eight to ten years—although, as Hultgren knew but Cohn did not, the unvarying practice of the federal court in Connecticut in recent years has been not to seek or even permit such a recommendation. Judge Anderson reasonably found that Hultgren had not made the representations designated as (1) and (3), and that whatever he had said as to customary length of sentence in bank robbery cases was a statement of experience, not claimed to be insincere or incorrect, and in no way a promise. Horton urges that the vital issue is what his attorney said the United States Attorney had said, even though that was not what the United States Attorney had said to the attorney.

We are far from persuaded of the validity of any such proposition, which would afford an all too easy avenue for the invalidating of convictions on pleas of guilty. United States v. Shneer, 194 F.2d 598 (3 Cir.1952), and see 105 F. Supp. 883 (E.D.Pa.1952), much relied on by appellant, does not carry the day

for him. The Shneer case arose not under 28 U.S.C. § 2255 but on a motion under F.R.Crim.Proc. 32(d), made within a month after sentence, to withdraw a plea of guilty in order "to correct manifest injustice"; the Court of Appeals held that denial of the motion had been a proper exercise of discretion, although giving the district court leave to take further testimony; and this Court's opinion in United States v. Parrino, 3 Cir., 212 F.2d 919, 921 fn. 4, cert. denied, 348 U.S. 840, 75 S.Ct. 46, 99 L.Ed. 663 (1954), indicates, to say the least, a lack of enthusiasm for some things said in Shneer. Cf. United States v. Weese, 145 F.2d 135 (2 Cir.1944). However, we find it unnecessary to decide whether a mistaken representation of prosecutorial attitude by defense counsel on a matter concerning sentence as vital as in Shneer —imprisonment or not—would support collateral attack under § 2255 on a conviction after a guilty plea. See United States v. Sobell, 314 F.2d 314 (2 Cir.), cert. denied, 374 U.S. 857, 83 S.Ct. 1906, 10 L.Ed.2d 1077 (1963).

██ The record is clear that anything that Cohn told Horton as to the length of the sentence on the bank robbery indictment and its concurrence with one on the mail order charge was understood by the defendant to be only a statement of Hultgren's opinion, the honesty and reasonableness of which are in no way challenged. See Bailey v. United States, 312 F.2d 679 (10 Cir.1963). The sole issue remaining thus is whether a sentence should be vacated on such a motion if a defendant has been misled by the mistaken statement of his attorney that the prosecutor said he would recommend a sentence shorter than the maximum if asked, when it was inevitable that the prosecutor would not be. The Ninth Circuit has recently indicated, by a divided vote, that if a prosecutor helped to induce a guilty plea by such a contingent promise known by him to be illusory, the conviction would have been procured by deceit within Walker v. Johnston, 312 U.S. 275 (1941), and could not stand. Dillon v. United States, 307 F.2d 445, 449

(1962). Whether or not we would agree, there was here no "deceit" by the prosecutor but only a mistaken statement by defense counsel. It has been recently and we think correctly said that erroneous advice by defense counsel as to sentence does not support attack under § 2255 unless it amounts to "ineffective assistance of counsel of such a kind as to shock the conscience of the court and make the proceedings a farce and a mockery of justice." Smith v. United States, 116 U.S. App.D.C. 404, 324 F.2d 436, 439–440 (D.C.Cir.1963). This case is a long way from meeting that test. Horton knew there was no assurance that any recommendation from the prosecutor would be either sought or followed.

The Court is indebted to Samuel Gruber, Esq., assigned counsel, for his fair and effective presentation of Horton's case.

Affirmed.