### UNITED STATES of America ex rel. William Joseph CALLAHAN, Petitioner-Appellant,

v.

### Harold W. FOLLETTE, Warden, Green Haven Prison, Stormville, New York, Respondent-Appellee.

### No. 644, Docket 33527.

United States Court of Appeals
Second Circuit.

Argued June 11, 1969.

Decided Nov. 28, 1969.

Irving B. Singer, Brooklyn, N. Y., for petitioner-appellant.

Joel Lewittes, Asst. Atty. Gen., State of New York (Louis J. Lefkowitz, Atty. Gen., State of New York, and Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for respondent-appellee.

Before MOORE, SMITH and ANDERSON, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

This is an appeal from an order of the United States District Court for the Southern District of New York, Harold R. Tyler, Jr., *Judge*, dated February 7, 1968, denying appellant's application for a writ of habeas corpus. Affirmed.

Appellant was convicted, upon his plea of guilty, of the crime of assault, second degree, in the County Court, Suffolk County, New York, and was sentenced on January 15, 1965, to two and one-half to five years at hard labor, the sentence to commence after the expiration of a sentence previously imposed in Kings County.

■ Appellant's claim is that the plea was entered on the basis of an understanding of a reduced or concurrent sentence, induced primarily by his counsel. The facts surrounding this claim were adduced at a state *coram nobis* hearing.

Appellant there testified that he overheard the trial judge conferring with his attorney, before he entered the guilty plea, and that the trial judge told his counsel that he would get a suspended or concurrent sentence if he pleaded guilty. Judge Stark testified that he only told counsel that he would take everything into account, including appellant's other sentence. The judge denied, however, that he told counsel that there would probably be no additional time in view of appellant's Kings County sentence. Appellant's counsel testified that the judge stated to the effect that, as long as appellant was already serving a prison term, the judge did not see any reason why he should add any more time. The assistant district attorney testified that the judge in chambers merely stated that he would examine all the circumstances, and that the colloquy at the bench, during which appellant says he overheard the promise, had to do with another indictment involving the appellant and did not contain any promise or representation regarding the appellant's sentence. The District Court, on the basis of 28 U.S.C. § 2254(d) found the determination of the state *coram nobis* court to be correct, and that the court never made a representation of an understanding with appellant's counsel. This finding is fully supported by the record and must stand.

The evidence does indicate, however, that appellant's guilty plea was induced by representations by his counsel. Appellant testified that his counsel told him that he would get a suspended or concurrent sentence if he pleaded guilty, and that his counsel told him to answer, when asked by the judge, that no promise had been made to him, because it was merely a "ritual." Appellant's counsel testified that he told the appellant to state that no promise had been made "inasmuch as officially, no promise had been made" although it was counsel's understanding that he would get a concurrent sentence. Counsel also testified that the basis for his "understanding"

was the statement by the judge already alluded to, to the effect that, as long as appellant was already serving a prison term, the judge did not see any reason why he should add any more time.

It appears that appellant thought that his counsel had an understanding, communicated by the court, that if he pleaded guilty he would receive only a suspended or concurrent sentence. As soon as sentence was pronounced, appellant and his attorney immediately protested. Appellant's counsel moved to withdraw the plea on the ground that there had been an "understanding" respecting sentence which had not been fulfilled. For the record, appellant stated that he had been promised a concurrent sentence. The court asked: "Who made you a promise?" Appellant's attorney immediately responded, "I did."

The question whether or not a plea must be held voluntary unless the state, that is, the judge or prosecutor, induced the plea by affirmative promises or statements as to sentence was reserved in United States v. Horton, 334 F.2d 153 (2d Cir. 1964). Cf. Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); United States ex rel. Ross v. McMann, 409 F.2d 1016, 1021 (2d Cir. 1969) (*en banc*). We do not reach that question here, however, for the minutes of the state *coram nobis* hearing make it plain that the sentencing judge in denying an oral request for withdrawal of the plea granted time (one week) for the filing of a written motion by either Callahan's retained counsel or Callahan himself. He specifically directed his remarks both to counsel and to Callahan. He extended the time on counsel's request. No motion was made either by counsel or by Callahan.

■ Callahan was experienced in the criminal courts and had other charges pending at the time. The same counsel represented Callahan at his *coram nobis* hearing. Callahan must be held to have waived any objection to the plea by his

failure to take the opportunity offered by the judge for a formal motion and determination of his request for withdrawal. Affirmed.