Ralph Raymond **MURRAY**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 124–68.

United States Court of Appeals
Tenth Circuit.

Dec. 22, 1969.

Frederick L. Haag, Wichita, Kan., for appellant.

Richard V. Thomas, U. S. Atty. (Tosh Suyematsu, Asst. U. S. Atty., with him on the brief), for appellee.

Before HILL, SETH and HOLLO-WAY, Circuit Judges.

SETH, Circuit Judge.

The appellant has taken this appeal from a denial of his motion filed under 28 U.S.C. § 2255. The appellant entered a plea of guilty on two counts, one under 18 U.S.C. § 2113(b) for stealing money from a bank, and the second count under 18 U.S.C. § 2113(d) for putting in jeopardy the lives of several persons with a gun during the bank robbery. He was represented by court appointed counsel at arraignment, entry of his plea, and at sentencing. Appellant's motion asserts that the trial judge did not comply with the provisions of Rule 11 of the Federal Rules of Criminal Procedure before accepting the plea of guilty, and further that in attempting to comply with Rule 11 the trial judge induced appellant to enter the guilty plea through coercion. Appellant was sentenced to twenty years under concurrent sentences on the two counts. He was also sentenced for other bank robberies at the same time, but these are not here involved.

Appellant filed a previous motion under section 2255 which alleged that he was denied effective assistance of counsel at the time of sentencing in that counsel failed to inform him of his right to speak in mitigation of punishment, and of the true nature of the possible punishment. This motion was denied and no appeal was filed.

Appellant thereafter filed the motion under consideration in which he asserts

the failure to comply with Rule 11 and the coercion of his plea. This motion was initially denied on the grounds that it constituted a repetitive application. The appellant filed a motion for rehearing which was denied without a hearing. In the order denying the motion for rehearing the court found that the records showed conclusively that Rule 11 had been complied with, and that the court's statement of the potential sentence did not constitute pressure or coercion to induce the appellant to enter a plea of guilty. It is this order that appellant appeals from.

The Government urges on appeal that the section 2255 motion of appellant here considered was repetitious of the one previously filed as determined by the trial court in its initial ruling on the motion. However, as indicated above, the court on the motion for rehearing considered the merits, and the issue of repetition need not be considered here.

■ The issue of conformance with the requirements of Rule 11 of the Federal Rules of Criminal Procedure is the basic one on this appeal. On this point the record shows that the following colloquy took place between the court and the appellant:

"THE COURT: An information has now been filed against you in two counts, the first count charging you with bank robbery and the second count assault with a dangerous weapon during a bank robbery. Do you have a copy of this information?

"DEFENDANT: Yes, sir, I do.

"THE COURT: Have you read it?

"DEFENDANT: Yes, sir.

"THE COURT: Do you understand fully the nature of the charge against you?

"DEFENDANT: Yes, sir, I do.

"THE COURT: Have you had sufficient opportunity to discuss this case with your attorney, Mr. Godfrey?

"DEFENDANT: Yes, I have.

"THE COURT: I do not know how you intend to plead, but I want to state in advance that if it is your intention to plead guilty, I want you to fully understand the full import of a plea of guilty, that you could be sentenced for a maximum of 35 years. Do you understand that?

"DEFENDANT: Yes.

"THE COURT: I am not saying I am going to sentence you to 35 years, if you plead guilty, but I am telling you that you would be subject to a sentence of 35 years.

"DEFENDANT: Yes, sir.

"THE COURT: Do you understand that, do you?

"DEFENDANT: Yes, sir, I do.

"THE COURT: With this information, are you now ready to plead?

"DEFENDANT: Yes.

"THE COURT: How do you plead as to Count 1, guilty or not guilty?

"DEFENDANT: Guilty.

"THE COURT: How do you plead as to Count 2, guilty or not guilty?

"DEFENDANT: Guilty.

"THE COURT: You may be seated and the matter will be referred to the probation officer for presentence investigation."

When appellant entered his plea of guilty on June 10, 1965, Rule 11, hereinafter referred to as the old rule, read as follows:

"The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily and with understanding of the nature of the charge."

On February 28, 1966, Rule 11 was amended and now provides:

"The court * * * shall not accept [a plea of guilty] without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. * * * The court shall not enter a judgment upon a plea of guilty unless it is satisfied

that there is a factual basis for the plea."

The amendment became effective on July 1, 1966.

It is apparent that in cases of this nature, the basic question is the voluntary nature of the plea of guilty. The Supreme Court in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, pointed out that Rule 11 sets out procedures which are not "constitutionally mandated," but which are designed to assist the district judge in making his "constitutionally required determination that a defendant's guilty plea is truly voluntary." The question in the McCarthy case, which considered the new rule, was whether the judge was required to address the defendant and to elicit responses directly from him that he understood the charge. This is a somewhat different matter than is before us on this appeal; however, the Court's references to the importance of the record are significant although McCarthy is not applied retroactively. In Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16, the Court said that there was no adequate substitute for demonstrating in the *record* of the proceedings that the plea was made with an understanding of the charge. The record here does show a direct interrogation of the appellant, and his response that he did so understand the charges. On this aspect of Rule 11, the standards then applicable were complied with.

This leaves the question of whether the record shows that Rule 11, generally as it existed and was construed in 1965, was complied with and that the appellant's plea was made voluntarily with understanding of the nature of the charge and the consequences of the plea. This court has held that the district court need not follow any particular ritual in complying with the old Rule 11, nor did it require the court to make a specific finding that the defendant's guilty plea was voluntarily and knowledgeably made. Baker v. United States, 404 F.2d 787 (10th Cir.); Bailey v. United States, 312 F.2d 679 (10th Cir.);

Nunley v. United States, 294 F.2d 579 (10th Cir.). There is no set formula for compliance with the rule. It is apparent that the best method to determine the defendant's understanding of the charge was a brief discussion with the defendant before accepting the plea. This was the method used by the district court in the case before us. The appellant complains here of a failure to comply with the rule as it existed at the time, but the record indicates that the court did so comply in all aspects and on voluntariness generally. Crow v. United States, 397 F.2d 284 (10th Cir.).

We come now to appellant's contention that the district court coerced him to plead guilty when it advised him that the maximum sentence was thirty-five years, adding that the court was not saying it would necessarily impose such a sentence if the appellant pled guilty.

Appellant cites two cases dealing with asserted coerced pleas of this nature. In Euziere v. United States, 249 F.2d 293 (10th Cir.), this court held that the court had coerced a guilty plea when it informed the defendant after he had entered a plea of not guilty that it would impose the maximum sentence if he stood trial and was found guilty because he would have put the Government to the expense of a trial. The case before us is not at all comparable to Euziere.

In United States v. Tateo, 214 F.Supp. 560 (S.D.N.Y.), the court held that the defendant's plea was coerced when, after four days of trial, the judge called defendants' counsel into chambers and told them that if the defendants finished the trial and were found guilty, he would start off by imposing a life sentence on a kidnapping charge, then adding consecutive maximum sentences on other charges. Again this case bears no resemblance to the situation in Tateo.

More to the point on coercion by the judge's statements is the case of United States ex rel. McGrath v. LaVallee, 348 F.2d 373 (2d Cir.). In that case the defendant was charged with first degree robbery. The district attorney offered to reduce the charge to

second degree robbery if the defendant pled guilty. The defendant's court appointed counsel advised acceptance. A conference was had in chambers by all parties with the judge who pointed out the several possibilities. The defendant decided to plead guilty to the lesser charge, did so, and later asserted the plea was coerced, but the court held otherwise. The court in the case before us did not tell the accused he was to receive a thirty-five year sentence; in fact the court clearly indicated otherwise. As the First Circuit pointed out in Kent v. United States, 272 F.2d 795 (1st Cir.) at 798:

> "There are many reasons why a defendant may choose to plead guilty. They do not, simply by being denominated 'fears,' necessitate the conclusion that the plea was not voluntary."

Even if the statements of the district court raised some degree of "fear" in the appellant, this "fear" cannot be raised to the level of coercion. Any statement of possible sentence necessarily causes some fear but the consequences of the plea must be stated.

The appellant also contends that his plea was involuntary in that it was induced by the district court's erroneous statement concerning the maximum sentence. Appellant was charged with violation of 18 U.S.C. § 2113(b) and (d). Subsection (b) provides for a ten year maximum sentence for carrying money away from a bank with intent to steal, and subsection (d) provides for a twenty-five year maximum sentence for assaulting or endangering another in the commission of any offense defined in subsections (a) and (b).

The district court evidently assumed that violations of subsections (b) and (d) constituted separate offenses for which separate consecutive terms of imprisonment could be imposed, and on this assumption he advised the accused of a thirty-five year maximum sentence.

In Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, 59 A.L.R.2d 940, the Supreme Court held that violations under subsections (a) and (b) of 18 U.S.C. § 2113 merged and precluded separate sentences, and under Kienlen v. United States, 379 F.2d 20 (10th Cir.), it was held that sentences for violations of subsections (a) and (d) cannot be pyramided. Thus it may be that the district court was in error in supposing that maximum consecutive sentences could be imposed for violations of 19 U.S.C. § 2113(b) and (d), but this is not decided.

 We come then to the question of the effect of the error, if it was one. In Eakes v. United States, 391 F.2d 287 (5th Cir.), the trial court made an error in advising the defendant of the possible sentence. When the defendant complained of this misinformation, the court said:

> "There is no merit to the contention of the appellant that the judgment should be vacated because the district court misled him as to the sentence which could be imposed, so that his plea of guilty was not made with full understanding of its consequences. Appellant received a lesser sentence than either that which the district court informed appellant it could impose or the maximum sentence provided by law."

This holding is directly applicable to the case now before the court. Here the appellant may possibly have been erroneously advised as to the maximum sentence, that is thirty-five years as compared to twenty-five years, but this is not a sufficient difference under these circumstances where the appellant was being sentenced for two other bank robberies in addition to the one here considered. We hold that if this was an erroneous statement of the maximum sentence by the court, it was not sufficient to entitle appellant to the relief here sought. Harper v. United States, 368 F.2d 53 (10th Cir.), is not contrary to this holding.

Thus the record shows that the trial court complied with Rule 11 as it existed in 1965, and that the appellant's plea was

made voluntarily and with understanding of the nature of the charge and the consequences of a guilty plea.

Affirmed.