**UNITED STATES of America,**
**Appellee,**

**v.**

**John SHAY, Defendant-Appellant.**

**No. 374, Docket 33680.**

United States Court of Appeals,
Second Circuit.

Argued Dec. 17, 1969.

Decided March 3, 1970.

Supplemental Brief for Appellant
Submitted Feb. 13, 1970.

Supplemental Brief for the United States
of America Submitted Feb. 20, 1970.

Jay S. Horowitz, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for the Southern District of New York), Whitney North Seymour, Jr., U. S. Atty. for the Southern District of New York (Jack Kaplan, Asst. U. S. Atty., of counsel), for appellee.

Philip C. Samuels, New York City, for defendant-appellant.

Before FRIENDLY, SMITH and ANDERSON, Circuit Judges.

FRIENDLY, Circuit Judge:

On a July evening in 1968 agents of the Federal Bureau of Narcotics, not now claimed to have lacked probable cause, entered the apartment of a Mrs. Tabron on W. 138th Street in Manhattan. Having placed her under arrest and advised her of her rights, they searched the apartment, came upon a black leather foot-stool, and on picking it up heard something slide within it. In response to inquiry, Mrs. Tabron cried and said the something was not hers. The agents found eight unstamped glassine bags containing 222.1 grams of cocaine, 48% pure. Shortly thereafter appellant Shay, whom the agents had previously observed entering the apartment with a set of keys, came in, was placed under arrest and advised of his rights. He said the cocaine was his and no one else's and that Mrs. Tabron knew nothing about it. En route to the Narcotic Bureau Office, after being again advised of his rights, he said he had stolen the foot-stool, known to him to contain narcotics, from a vacant lot in Queens, where it had been placed by an individual whom he could only identify as Pedro; that he knew the substance was cocaine because he had it tested; and that he had been selling it for five weeks at $500 an ounce. The next day, accompanied by his lawyer, he repeated to an Assistant United States Attorney, his admission of ownership and his story as to stealing the foot-stool.

The indictment charged that Shay and Mrs. Tabron "unlawfully, wilfully and knowingly did purchase, possess, dispense and distribute a certain narcotic drug, to wit, approximately 222.1 grams of cocaine hydrochloride in that the said defendants did not purchase, possess, dispense and distribute said narcotic drug in or from the original stamped packages (Title 26, Sections 4701, 4703, 4704(a), 4770(a) [4771(a)] and 7237(a) United States Code)." Section 4704(a) provides:

It shall be unlawful for any person to purchase, sell, dispense, or distribute narcotic drugs except in the original stamped package or from the original stamped package; and the absence of appropriate taxpaid stamps from narcotic drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession the same may be found.

Possession is not itself a crime under the statute, and does not become so by being charged in the indictment. The judge correctly instructed on this and also that the Government must prove that the defendants "either purchased or sold or dispensed or distributed the narcotic drugs not in or from the original package." He went on to say that "one of the government's contentions * * * is that it proved beyond a reasonable doubt that each of the defendants knowingly either possessed or constructively possessed the narcotics drug," and that

"it is the law that knowing possession of narcotics in other than its original stamped package *is sufficient for conviction* unless possession is satisfactorily explained by the evidence." (Emphasis supplied.)

The jury convicted Shay but were unable to agree as to Mrs. Tabron.

The sole substantial question raised in Shay's appeal was that the second clause of § 4704(a), pursuant to which the judge gave the quoted charge, was invalid. Since the question was pending before the Supreme Court in Turner v. United States, 396 U.S. 398, 90 S.Ct 642, 24 L.Ed.2d 610 we deferred decision and, upon the coming down of that case on January 20, 1970, requested supplemental briefs that would take account of Part V of Mr. Justice White's opinion, 396 U.S. 398, 422, 90 S.Ct. 642, 655 (1970).

The only evidence against Turner on the charge of buying or selling cocaine in an unstamped package was that after arrest he threw away a tinfoil package containing 14.68 grams of a mixture of cocaine and sugar 5% pure. Since the quantity was small enough to be "con-

sistent with Turner's possessing the cocaine not for sale but exclusively for his personal use," the Court concluded that a jury would not be warranted in finding distribution from the fact of possession alone. With respect to purchase, the Court believed there was "a reasonable possibility that Turner either stole the cocaine himself or obtained it from a stamped package in possession of the actual thief" and held that under those circumstances "a conviction resting on the § 4704(a) presumption cannot be deemed a conviction based on sufficient evidence."

The Government forcefully argues that the facts here were much stronger in its favor. The jury could properly have convicted Shay without any reference to the second clause of § 4704(a) if they believed the testimony that he had admitted sales. On the purchase aspect, the Government contends that, despite Shay's assertion that he "stole the cocaine himself," his story that many thousand dollars' worth of cocaine was left in a foot-stool in an open field was so manifestly incredible that the jury must have rejected it and concluded, as it could without benefit of the second clause of § 4704(a), that Shay had made a purchase of unstamped cocaine. But all that this shows is that it would not have been error to instruct the jury that they could take the fact of possession into account along with the other evidence in determining whether there had been a prohibited purchase or sale. Instead the charge, understandably tracking the statute, directed their attention solely to the fact of possession and said in so many words that, without any further analysis by the jury with respect to purchase or sale, this sufficed for conviction unless satisfactorily explained. While we have little doubt what the jury would have concluded under instructions appropriate in the light of *Turner*, we shall not speculate on this but rather direct a new trial, 28 U.S.C. § 2106.

Reversed for a new trial.