**Harold Dee MYRICK, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**
**No. 539–70.**

United States Court of Appeals,
Tenth Circuit.
May 21, 1971.

M. Joan Clifford, Boulder, Colo., for appellant.

William R. Burkett, U. S. Atty., and Floy E. Dawson, Asst. U. S. Atty., Oklahoma City, Okla., for appellee.

Before LEWIS, Chief Judge, and SETH and COFFIN*, Circuit Judges.

COFFIN, Circuit Judge.

Petitioner was indicted for having purchased, sold, dispensed, and distributed tablets of codeine in violation of 26 U.S.C. § 4704(a). On June 27, 1966 he pleaded guilty. On June 30, 1966 he was sentenced to a five-year term, to be served consecutively to a recently imposed seven-year state sentence. Three

years later, petitioner filed a motion to vacate sentence and/or to withdraw his guilty plea as not having been understandingly made. The court, without holding an evidentiary hearing, dismissed petitioner's motion, deeming that the files and records in his case clearly demonstrate that his plea was knowingly made. On this appeal, petitioner seeks reversal or at least remand for an evidentiary hearing.

The plea of guilty having been made four days prior to the effective date of amended Rule 11, Fed.R.Crim.P., no particular ritual was required. Murray v. United States, 419 F.2d 1076, 1078 (10th Cir. 1969). The court, indeed, followed "the best method" in conducting "a brief discussion with the defendant before accepting the plea." *Id*. at 1078. It is the ambiguity in that discussion which gives us trouble.

The single claim[1] presented to the court by petitioner's motion was that in pleading guilty he was not advised "that possession of codeine was not the essential element of the offense charged", that he had not violated any of the acts proscribed in the statute [i. e., purchasing, selling, dispensing, and distributing], and that, had he understood that possession "was not the essential element", he "would have requested a jury trial and attempted to explain his possession."

The proceedings at arraignment began with an accurate reading of the indictment and summary of the ranges of penalties for first, second, and third offenders. The following colloquy then took place:

"THE COURT: Mr. Myrick, for the record, you have heard the statement made by the District Attorney and the charges under which you are here by way of indictment. You heard that?

---

* Of the First Circuit, sitting by designation.

1. On appeal petitioner has argued an additional point, that there was confusion as to whether he was being sentenced for a first or second offense. We do not address this issue but observe that in any event his sentence was well within the maximum permitted for a first offender. *Cf.* Murray v. United States, *supra* at 1079.

DEFENDANT MYRICK: Yes, sir.

THE COURT: You understand these charges?

DEFENDANT MYRICK: Well, no, sir, not fully. I understood that I was charged with possession, which carries two 10 year sentences. I heard him say something about four to forty. I didn't understand that.

THE COURT: Something about what?

DEFENDANT MYRICK: Four to forty.

MR. BLACK: I believe what he didn't understand there is prior convictions. This man has no prior convictions for narcotics in any Federal Court, so that would not be applicable.

MR. GREEN: Two to ten years would be the applicable provision here.

DEFENDANT MYRICK: That's what I didn't understand, sir.

THE COURT: Well, then you understand the charges and you understand the maximum sentence provided by Congress for the offense charged in this court?

DEFENDANT MYRICK: Yes, sir."

The record thus reveals that petitioner said that he understood he was being charged with possession. The subsequent clarification was addressed only to the applicable penalty range, leaving untouched petitioner's misstatement about the nature of the charge. Nor was there any further reference to the charge at the sentencing proceeding three days later.

The district court examined the transcripts of the arraignment and sentencing proceedings, and, in its order denying the motion, noted that petitioner had been accompanied by his retained attorney, and that the charge had been read. The court then addressed petitioner's specific complaint, which it characterized as "that [petitioner] did not understand that possession of codeine constituted a violation of the statute", and concluded "there is no merit to this claim. Possession alone constitutes an offense under Title 26 U.S.C.A. 4704(a). See Taylor v. United States, 390 F.2d 278 (8th C.A.1968) cert. denied, 393 U. S. 869, 89 S.Ct. 155, 21 L.Ed.2d 137 (1968)."

 The court, of course, was referring to the statutory provision that possession of narcotic drugs without tax-paid stamps is prima facie evidence of violation. As a practical matter, proof of such possession may in many cases make a sufficient case for the government. But, strictly speaking, "Possession is not itself a crime under the statute * * *." United States v. Shay, 426 F.2d 287, 288 (2d Cir. 1970). There exists the possibility that, petitioner, admittedly possessing the drugs, felt that he had no defense to a charge of possession, but that, had he realized that suitable and convincing explanation of his possession could overcome the prima facie case, he would not have pleaded guilty to a charge of purchasing, selling, and distributing. It may be that he really understood the indictment as it was read to him or that his lawyer had adequately explained it as in Bailey v. United States, 312 F.2d 679 (10th Cir. 1963), but the sole evidence in the record as it presently exists is that he misunderstood what he was being charged with doing. Under these circumstances we cannot say that the files and records conclusively show that petitioner is not entitled to relief. We see no alternative to remanding the case for an evidentiary hearing on the voluntariness of petitioner's plea. Cf. Jenkins v. United States, 420 F.2d 433 (10th Cir. 1970); Crow v. United States, 397 F.2d 284, 286 (10th Cir. 1968).

Reversed and remanded for further proceedings.