Abnold Gr. Fbaimah, J.
This application for a writ of error corum nobis presents the interesting question as to what relief, if any, petitioner is entitled where his plea of guilty has been induced by defense counsel’s mistaken representation as to what the sentencing Judge had promised by way of sentence. Petitioner was indicted for assault in the second degree, reckless *661 endangerment in the first degree, resisting arrest and two counts of possessing a weapon. He pleaded guilty to attempting to possess a weapon, a Class E felony, to cover the indictment, on September 3, 1970. On November 17, 1970 he was sentenced to an indeterminant sentence of up to four years, the maximum sentence authorized. Petitioner alleges that he pleaded guilty in reliance upon a representation by his attorney that Mr. Justice Birns, who was to take the plea, had promised that the maximum sentence he would impose would be three years. By this application he seeks to have his sentence reduced to three years or in the alternative to have the judgment of conviction vacated.
A hearing was held on petitioner’s application on September 1,1971, at which petitioner, his attorney, and Mr. Justice Birhs gave testimony. Petitioner testified that just before he entered his plea, his attorney advised him that he could plead to a Class E felony and under no circumstances would he receive more than three years. He stated that the attorney also cautioned him that the court might ask if any promises had been made to him and that if this should occur, he should answer “No.” Thereafter, he entered his plea. As predicted, before accepting it, the court, after ascertaining that petitioner understood that he might receive a four-year sentence, asked specifically whether any representations, or promises had been made to him as to the sentence he would receive, and he replied “ No.”* Petitioner’s attorney, Mrs. Natalie Steinbock, who was retained counsel, confirmed his testimony. She testified that at an off-the-record Bench conference just before the plea was taken, Justice Brans stated that he would not impose a .sentence in excess of three *662 years, and she conveyed this to petitioner before the plea was entered. She also conceded that she had advised him to answer in the negative if he was asked whether any promises had been made to him.
Mr. Justice Bimsrs testified that his only conversation with petitioner’s attorney prior to the plea concerned the nature of the plea. After the plea was entered, he stated that she did ask that he consider imposing less than the maximum four years and he agreed to consider a three-year sentence but made no promise then or at any other time as to what sentence he would impose.
On November 17, 1970, when sentence was imposed, neither petitioner nor his attorney attempted to remind Justice Birns of his purported promise. Petitioner’s attorney attempted to explain this lapse by testifying that she had forgotten the promise until reminded of it by petitioner shortly after the sentencing, at which time she claims she spoke to Justice Birns off-the-record and called the promise to his attention. He purportedly acknowledged that such a promise had been made but said that he did not feel bound by it. Mr. Justice Birns testified that he did not recall any such conversation.
The court finds that no promise as to sentence was made by • Mr. Justice Birns. Although off-the-record conversations concerning petitioner’s plea were had between petitioner’s attorney and the court, petitioner’s attorney apparently misunderstood their import, and for this reason gave the erroneous information she did to her client:
Petitioner argues that, even if his attorney was in error in concluding that a promise had been made by the court, his plea should be vacated because it was induced by her representation that a promise had been made. Petitioner concedes that the New York courts have consistently held that in the absence of a promise by the court or the prosecutor or some other agent of the State, a representation as to sentence made to a defendant by his own attorney will not constitute grounds for its vacation. (People v. Scott, 10 N Y 2d 380; People v. Derrick, 15 N Y 2d 816.) However, petitioner relies on the rationale set forth in United States v. Mancusi (275 F. Supp. 508, 517) that, “ A guilty plea induced by a mistaken belief that a binding plea agreement had been made is invalid even if it is the defendant’s own attorney who is responsible for the defendant’s mistaken belief.” Even if this represents a correct statement of the prevailing law in the Federal courts, and there is some doubt as to this (see United States v. Horton, 334 F. 2d 153), petitioner here is not *663 entitled to relief. In Mancusi, the defendant claimed that the District Attorney had promised that he would receive a suspended sentence if he pled guilty. The State court, after a hearing, found that no such promise had been made, but that defendant’s counsel may have led him to believe that a suspended sentence was probable. Although the defendant had remained silent at the time of the plea when the District Attorney stated that no promises or representations had been made, defendant testified that he did not hear the statement, and the court’s interrogation of the defendant did not cover that subject. Accordingly, the District Court directed that a further hearing be had to determine whether defendant believed, albeit mistakenly, at the time he pled guilty that a promise had been made by the State, and if so, whether the promise induced his plea.
Here, unlike Mancusi, a searching inquiry was made by the court at the time the plea was taken, both as to petitioner’s understanding of the possible maximum sentence which might be imposed and as to whether any promises had been made to him by anyone concerning the sentence he might receive. It was only after his responses to the court’s queries made it clear that he fully understood the significance of his plea and after his unequivocal denial that anyone had made any promises to him that his plea was accepted. If the painstaking and comprehensive interrogation which was conducted here is to serve any purpose, petitioner must be held bound by his answers. He cannot be heard to say that his counsel advised him to respond falsely to the queries which were put to him. To permit such a claim would be to render all prepleading proceedings meaningless. Unfortunately for petitioner, by entering into a course of deception for purposes known only to him and to his attorney, he has succeeded in hoisting himself with his own petard.
It is significant to note that the court in the Mancusi case indicated that the only way to ensure that a plea was voluntary and was not induced by a misunderstanding as to sentence, as well as to avoid post-conviction hearings such as was ordered in that case, was for the court to conduct just such an inquiry as was done here.
For the foregoing reasons the petition is dismissed.

 The full interrogation of the defendant by the court on this subject was as follows:
“THE COURT: Do you understand by your plea of guilty that you are pleading guilty to an E felony?
THE DEPENDANT: Yes
THE COURT: Do you understand under your plea of guilty that this Court can impose a maximum of four years imprisonment?
THE DEPENDANT: Yes
THE COURT: I ask you now, has any promise been made to you by your attorney, or the District Attorney or any other person as to the sentence you will receive?
THE DEPENDANT: No
THE COURT: Has any representation been made to you as to what the Court will impose?
THE DEPENDANT: No
THE COURT: Are you pleading guilty because you are guilty?
THE DEPENDANT: Yes ”