Fred J. WELLNITZ, Appellant,

v.

Ray H. PAGE, Warden, Oklahoma State Penitentiary, Appellee.

No. 469–69.

United States Court of Appeals Tenth Circuit.

Jan. 26, 1970.

Leslie L. Conner, Jr., Oklahoma City, Okl. (Conner, Little & Conner, Oklahoma City, Okl., on the brief), for appellant.

H. L. McConnell, Asst. Atty. Gen. (G. T. Blankenship, Atty. Gen., on the brief), Oklahoma City, Okl., for appellee.

Before MURRAH, Chief Judge, and PICKETT and BREITENSTEIN, Circuit Judges.

PER CURIAM.

This is an appeal by a state prisoner from an order denying his petition for the writ of habeas corpus, entered after an evidentiary hearing.

On October 6, 1961, Wellnitz entered pleas of guilty to four charges of armed robbery in the district court of Oklahoma County, Oklahoma. Thereafter, on October 31, the court imposed sentences totalling 100 years.

Petitioner alleges that, on the day of his plea, his attorney drew him aside in the courtroom, and stated that "25 years was the best that he could do for me." Immediately upon sentencing, his attorney informed the court that he and the county attorney "had an understanding * * * that I would get 25 years. Mr. Harrod [the county attorney] stepped forward and said he agreed to 25 or more." The court did not alter the sentence.

The journal entry does not reflect this alleged colloquy, but does disclose that prior to sentencing, both of petitioner's attorneys presented argument in mitigation of punishment, and represented to the court what would be the testimony of certain witnesses bearing on mitigation were they called to testify. After sentencing, defense counsel moved to withdraw the pleas. This motion was denied, and although a notice of appeal was filed, none was ever perfected.

Mr. Harrod, the county attorney, testified that it was his policy, unlike that of his predecessor (who was one of Wellnitz' two attorneys) not to make sentence recommendations to the district judge. Instead his practice, followed in this case, was to submit to the sentencing judge with the approval of defense counsel, a form styled "a case summary sheet" in which the arresting agency could, if it wished, offer any information about the case and remarks regarding the sentence to be imposed which it thought needful and appropriate. The summary in this case recited Welenitz' admission of 27 robberies in Oklahoma City over a seven-month period, and the opinion of one Lt. Miller that "this subject should have not less than 25 years in the State Penitentiary."

Petitioner admitted that he knew the charged offenses were capital crimes, and that he understood, when he appeared to plead, that he "could get the chair." He did not question his attorney's statement that "25 years was the best he could do," but "assumed" that a maximum term of 25 years had been agreed upon. Petitioner's attorneys knew of Harrod's policy and recalled no negotiations with him for a recommendation in exchange for a plea of guilty. Neither recalled making the statement upon which petitioner bases his claim, or seeking to withdraw the pleas after sentencing.

■ "A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void." Machriboda v. United States, 368 U.S. 487 at 493, 82 S.Ct. 510 at 513, 7 L.Ed. 2d 473 (1962). The ultimate determination to be made is whether the plea was coerced or otherwise invalid. United States ex rel. Rosa v. Follette, 395 F.2d 721 (2d Cir. 1968), cert. denied, 393 U.S. 892, 89 S.Ct. 216, 21 L.Ed.2d 172.

■ Certainly, if an attorney recklessly promises his client that a specific sentence will follow upon a guilty plea, or otherwise unfairly holds out an assurance of leniency in exchange for a confession of guilt, the question may arise whether such assurances were coercive, or whether such representation may be deemed constitutionally ineffective. Brown v. Beto, 377 F.2d 950 (5th Cir. 1967). However, an attorney may offer his client a prediction, based upon his experience or instinct, of the sentence possibilities the accused should weigh in determining upon a plea. An erroneous sentence estimate by defense counsel does not render a plea involuntary. Bailey v. United States, 312 F.2d 679 (10th Cir. 1963); United States ex rel. Bullock v. Warden, 408 F.2d 1326 (4th Cir. 1969); United States v. Horton, 334 F.2d 153 (2d Cir. 1964). And

a defendant's erroneous expectation, based on his attorney's erroneous estimate, likewise does not render a plea involuntary.

 After hearing the testimony of petitioner, his two attorneys, and the prosecutor, the district court determined that Wellnitz' pleas of guilty were "absolutely voluntary." Its finding is not clearly erroneous and must be sustained. Linebarger v. State of Oklahoma, 404 F.2d 1092 (10th Cir. 1968), cert. denied, 394 U.S. 938, 89 S.Ct. 1218, 22 L.Ed.2d 470; Lattin v. Cox, 355 F.2d 397 (10th Cir. 1966).

Affirmed.