**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 8 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOSE DE JESUS DE LA
CRUZ-RAMOS,

      Defendant-Appellant.

No. 96-4142
(D.C. No. 96-CR-44)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY, HOLLOWAY,** and **HENRY,** Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

**I**

      In this direct appeal, defendant-appellant De La Cruz-Ramos raises only the issue of whether the district judge abused his discretion in denying defendant's motion to withdraw

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

his guilty plea. Mr. De La Cruz-Ramos was charged in a one count indictment with re-entry by a deported alien, subsequent to conviction for an aggravated felony, in violation of 8 U.S.C. § 1326. After initially entering a plea of not guilty, the defendant entered into a plea agreement with the government. The plea agreement called for the government to recommend sentencing at the low end of the applicable range and for the defendant to receive a reduction in offense level for acceptance of responsibility. A change of plea hearing was set.

At the change of plea hearing, the district judge made the appropriate inquiries into the defendant's understanding of the charge against him, the maximum possible penalty, and the fact that the actual sentence would be determined by application of the Sentencing Guidelines. Upon inquiry from the court, Mr. De La Cruz-Ramos stated that he was satisfied with his court appointed attorney. II R. at 9. Under oath, defendant admitted that he had previously been convicted of possession of heroin with intent to distribute and that he had reentered the United States after deportation without authorization. II R. at 11-13. The district court made all other inquiries required under Fed. R. Crim. P. 11. At the conclusion of this hearing, the court found the plea of guilty was knowingly and voluntarily entered, that there was a factual basis for the plea, and the judge found defendant guilty on his plea of guilty and set a date for sentencing. II R. at 14-15.

The presentence report prepared by the probation office determined that the appropriate guidelines range was 77 to 96 months. No objection was filed before the

scheduled sentencing hearing on July 23, 1996, but defense counsel had not received a copy of the presentence report until five days before the scheduled hearing. At the sentencing hearing, defense counsel told the court that he had tried to go over the presentence report with Mr. De La Cruz-Ramos, but had not been able to arrange for an interpreter to assist him in this until the night before the hearing. He said that he had not been able to go over the entire report with defendant, because his client had become unhappy with his representation. Defense counsel further told the court that defendant wanted new counsel appointed. II R. at 3. Defendant had written a letter to the judge which he would like the judge to read. The district judge said that counsel should finish going over the presentence report with defendant, and continued the hearing until later that same day for that purpose. Id. at 5-6.

When the hearing resumed several hours later, Mr. De La Cruz-Ramos asked for a week's continuance. The judge granted an eight-day continuance. Id. at 9. When the hearing resumed on July 31, 1996, defendant moved to withdraw his plea and asked for a new attorney by submission of the same letter which he had offered to the court the week before. Because this letter is brief and pertains to the only issue raised, we will quote it in full:

> Respectfully I would like to ask This Court to postpone my sentencing. My attorney took the time to visit me in jail only one day before my sentencing to tell me that the information he had originally given me was incorrect.
>
> I pled guilty because of the assurance that I would receive a sentence between 41-61 months. However it was only last night, as the court can verify, that my attorney went to see me with the news that the appropriate guideline was 77-96 months.

As the court can clearly see, this is a drastic change and is not fair nor just to receive such news the night before my sentencing.

For this reason I wish The Court to please consider assigning me a new attorney, one who will have my best interest in mind, and not one who shows up to lament my situation rather than presenting defense.

Thank You

Jesse De La Cruz

I R., Item 17. The district judge denied Mr. De La Cruz-Ramos' request, stating that he saw no basis for appointing new counsel, nor for permitting withdrawal of the guilty plea. Id. at 4-5. The court proceeded to sentence defendant to 77 months of imprisonment, the low end of the guidelines range, three years of supervised release, and a $50 special assessment. Id. at 8-9. Defendant has appealed.

## II

We review the denial of a motion to withdraw a guilty plea under the abuse of discretion standard. United States v. Carr, 80 F.3d 413, 419 (10th Cir. 1996). Withdrawal of pleas is governed by Fed. R. Crim. P. 32(e), which states that if a motion is made before sentencing, "the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." Thus, we will not find an abuse of discretion unless the appellant can show that the trial court acted unjustly or unfairly. Carr, 80 F.3d at 419. However, we have also said that a motion to withdraw a plea before sentencing should be freely allowed and viewed with favor. Id.

Seven factors are to be considered: (1) whether the defendant has asserted his

innocence; (2) whether withdrawal of the guilty plea would prejudice the government; (3) the delay, if any, in filing the motion to withdraw and reasons therefor; (4) whether withdrawing the plea would substantially inconvenience the court; (5) the assistance of counsel; (6) whether the plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. United States v. Gordon, 4 F.3d 1567, 1572 (10th Cir. 1993).

Mr. De La Cruz-Ramos asserts that there would be no prejudice to the government in permitting withdrawal of his plea, other than the minimal amount inherent in the nature of such things, because the trial would require only a few witnesses, probably mostly INS employees. For the same reason he contends that there would be little inconvenience to the court or waste of judicial resources. As to the assistance of counsel factor, defendant complained that his counsel was not attentive, spent little time with him, and misinformed him about the likely sentence. Defendant further contends that there was no delay in making the motion. He had no cause to complain about his attorney's performance before the presentence report was belatedly received and he realized that his representation had been inadequate. Justice would be served by allowing him to withdraw his plea, defendant finally maintains, because the inadequacy of his attorney's performance was combined with the district court having made only cursory mention of the guidelines when the plea was entered, thus leaving defendant substantially uninformed about the punishment he faced until the very eve of sentencing.

On the other hand, the government points out that the district judge conducted an

appropriately thorough Rule 11 hearing before accepting defendant's plea. The district judge found that the plea was knowingly and voluntarily entered. Notwithstanding the cases cited by defendant for the proposition that the motion to withdraw a plea is to be treated liberally, the government argues that it still remains the defendant's burden to show a fair and just reason for the withdrawal. Carr, 80 F.3d at 419. See also United States v. Hyde, 117 S. Ct. 1630, 1634 (1997) (explaining importance of addition of "fair and just reason" showing requirement to Rule 32(e), Fed. R. Crim. P.).

The government "concedes that there would have been little prejudice to the government if the plea had been withdrawn, other than the usual inconvenience of having to rearrange the calendar in order to reschedule the trial and ensure the availability of witnesses." Answer Brief of Plaintiff-Appellee at 9, n. 1. However, the government contends that the other six relevant factors weigh against defendant. Mr. De La Cruz-Ramos has never asserted his innocence, as is acknowledged by Appellant's Opening Brief at 8. The motion to withdraw the plea was made on the brink of sentencing. The lapse of time would have caused prejudice to the court in having to try a case months after its original trial date had passed. In addition, all the time spent at the plea and sentencing hearings by the judge and other court personnel would have been wasted. Trial would be a waste of judicial resources, the government contends, because its evidence is likely to be uncontroverted, in light of the nature of the case. As for assistance of counsel, defendant expressed no dissatisfaction with counsel until the presentence report came out; this suggests, in the

government's view, that this is a case in which the defendant is unhappy with his sentence, but "dissatisfaction with the length of a sentence is an insufficient reason to withdraw a plea." United States v. Gordon, 4 F.3d at 1571.

We are not persuaded by defendant's argument that the district court abused its discretion. On this record, we conclude that defendant was primarily motivated by his disappointment in the sentence recommended by the presentence report. For purposes of our analysis, we accept as true defendant's allegation that he was led to expect a lighter sentence. However, we have held that "[a]lthough an attorney's unfair representation of probable leniency may be found coercive, an erroneous estimate of sentence does not render the plea involuntary." United States v. Rhodes, 913 F.2d 839, 843 (10th Cir. 1990). Cf. Wellnitz v. Page, 420 F.2d 935, 936 (10th Cir. 1970) (in a federal habeas review of a state conviction, this court stated that a reckless promise by counsel of a specific sentence for a plea of guilty may raise a question of coercion; however, while counsel may offer a prediction on sentence, "[a]n erroneous sentence estimate by defense counsel does not render a plea involuntary."). Rule 11 requires only that the maximum punishment be explained before accepting a plea; it does not require any estimation of the guideline range. Here there is no indication that the attorney's miscalculation was so egregious as to be tantamount to coercing the plea. The sentence is still well below the maximum punishment. Mr. De La Cruz-Ramos has not asserted his innocence, nor has he suggested that he could have developed any viable defense to the charges had his motion been granted.

## III

In sum, defendant fails to show a fair and just reason for permitting his plea to be withdrawn.  We conclude that the district court did not abuse its discretion in denying Mr. De La Cruz-Ramos' motion to withdraw his plea of guilty.  Accordingly, the judgment and sentence are **AFFIRMED**.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge