**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARY DIANE LAMSON,

    Defendant - Appellant.

No. 04-6246
(W. Dist. Oklahoma)
(D.Ct. Nos. CV-04-24-F and
CR-02-114-F)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

After examining appellant's brief and the appellate record, this panel unanimously determines that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

**I. Background**

Mary Diane Lamson, a federal prisoner proceeding *pro se,*[1] requests a certificate of appealability (COA) to challenge the district court's dismissal of her

---

[1]On appeal, we liberally construe Lamson's pleadings and submissions. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

28 U.S.C. § 2255 habeas petition claiming ineffective assistance of counsel at plea negotiation and sentencing. Lamson was indicted on seven drug-related counts. On October 9, 2002, she entered into a plea agreement where, *inter alia*, she pled guilty to count three, maintaining a place for the purpose of manufacturing methamphetamine, in exchange for the government's motion to dismiss the remainder of the charges. The plea agreement also contained a waiver of her right to appeal, both directly and collaterally, unless: 1) the district court departed upward from the sentencing guideline range; or 2) the appeal was based on a subsequent change in Tenth Circuit or Supreme Court case law that is "held by the Tenth Circuit or Supreme Court to have retroactive effect." (R., Doc. 39 at 5.) At sentencing, over the objections of Lamson's counsel, the district court concluded her relevant conduct warranted a corrected quantity of drugs and a six-point enhancement based on its finding that Lamson's offense involved substantial risk of harm to the life of a minor. U.S.S.G. § 2D1.1(b)(5)(C)(2003).[2] The district court sentenced Lamson to 210 months imprisonment to be followed by a three-year term of supervised release.

Lamson did not file a direct appeal. Instead, she filed a *pro se* motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 claiming ineffective assistance of counsel. The district court dismissed Lamson's motion,

---

[2]This provision is currently found at U.S.S.G. § 2D1.1(b)(6)(C)(2004).

concluding she waived her appellate claims in the plea agreement. Lamson then filed a notice of appeal, a request to proceed in forma pauperis (*ifp*), and a motion for a COA with the district court. The district court granted her motion to proceed *ifp*, but denied a COA. Lamson then renewed her request for a COA with this Court.

## II. Discussion

When "a district court denies a habeas petition on procedural grounds, without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595 (2000).

"[I]n reviewing appeals brought after a defendant has entered into an appeal waiver, [we] determine: (1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . ." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). Lamson contends her ineffective assistance claims were not waived for three reasons. First, she alleges her plea was not knowing

and voluntary due to her counsel's ineffective assistance. Second, she contends her claim is based on changes in the law as reflected in *Blakely v. Washington*, __U.S.__, 124 S.Ct. 2531 (2004), decided after the date of her plea and therefore not within the scope of the waiver. Finally, she perfunctorily states that the enforcement of the waiver would result in a miscarriage of justice. We address each of these arguments in turn.

*A.      Validity of Plea*

Collateral attacks based on ineffective assistance of counsel claims are waived unless the petition challenges the validity or voluntariness of the plea or waiver. *United States v. Cockerham,* 237 F.3d 1179, 1187 (10th Cir. 2001). Lamson argued her plea of guilty and the plea agreement were not valid because counsel told her she could expect a sentence of approximately eight years and "never explained that [she] would be unable to appeal, regardless of the sentence." (R. Doc. 66 at 5.) The district court rejected this argument on two bases. First, Lamson did not allege that her counsel represented the eight-year sentence was pursuant to a promise or agreement with the prosecutor. Rather, counsel's statement regarding the length of her expected sentence was merely a prediction insufficient to render the plea involuntary. *Fields v. Gibson,* 277 F.3d 1203, 1214 (10th Cir. 2002) ("'An erroneous sentence estimate by defense counsel does not render a plea involuntary . . . . And a defendant's erroneous

expectation, based on his attorney's erroneous estimate, likewise does not render a plea involuntary.'") (quoting *Wellnitz v. Page,* 420 F.2d 935, 936-37 (10th Cir.1970)) (internal citations omitted). Second, based on the extensive colloquy between Lamson and the court at the time of her plea, the district court determined she could not credibly argue she did not understand the plain terms of the agreement. Because the remainder of Lamson's ineffective assistance claims related to counsel's conduct *after* the plea agreement was entered, the district court determined these claims could not affect the validity of the agreement itself.

When determining whether a waiver of appellate rights was knowing and voluntary, we examine the specific language of the plea agreement and assess the adequacy of the Federal Rule of Criminal Procedure 11 colloquy. *Hahn*, 359 F.3d at 1325. Here, the language of the plea agreement is quite specific and the colloquy at the plea hearing examined Lamson's understanding of its terms in depth. For example, the agreement clearly states that "[t]he maximum penalty which could be imposed as a result of this plea is not more than 20 years imprisonment. . . ." (R. Doc. 39 at 2.) Further, the plea agreement repeatedly clarifies that the district court is not obligated to confine its judgment to the "stipulations, agreements, or recommendations" therein, but that Lamson "understands that a sentencing guideline range for her case will be determined by the Court under the guidelines issued by the U.S. Sentencing Commission." (R.

Doc. 39 at 3-4.) For these reasons and those stated by the district court, we conclude Lamson's claim that her plea was involuntary, and consequently invalid, is without merit.

B.     *Change in Law*

Lamson next argues that *Blakely* is a retroactive change in law and, therefore, her plea agreement allows her challenge of the district court's drug quantity findings and the imposition of a six-point enhancement. In *Blakely*, after reviewing the State of Washington's sentencing guidelines, the Supreme Court held the relevant statutory maximum sentence a judge may impose is one based on "*facts reflected in the jury verdict or admitted by the defendant,*" __U.S. at __, 124 S.Ct. at 2537, and not based on additional fact-finding by a judge. The Supreme Court has recently applied its holding in *Blakely* to sentencing under the federal sentencing guidelines. *United States v. Booker*, __U.S.__, 125 S.Ct. 738 (2005). Lamson maintains *Blakely* removed the district court's authority to apply the enhancement because the drug quantity was not proven beyond a reasonable doubt and she never admitted to conduct that could be construed as creating a substantial risk of harm to the life of a minor.

Lamson is mistaken, however, in her assertion that the rule articulated in *Blakely* places her appeal outside the scope of her waiver. The specific language of the plea agreement states that Lamson's appeal must be based on a rule that is

"held by the Tenth Circuit or Supreme Court to have retroactive effect." In *United States v. Price*, we recently held "that *Blakely* did not announce a watershed rule of criminal procedure that would apply retroactively to initial § 2255 motions. " 400 F.3d 844, 849 (10ᵗʰ Cir. 2005). Consequently, Lamson's *Blakely* claim is within the scope of the express language of her plea agreement waiver and is therefore waived.

C.      *Manifest Injustice*

In passing, Lamson argues that the enforcement of her waiver of appellate rights would result in manifest injustice. We employ a narrow analysis subject to factors listed in *United States v. Elliott,* 264 F.3d 1171, 1174 (10th Cir.2001). *Hahn*, 359 F.3d at 1327. An exception to appellate waiver applies in situations "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* (citing *Elliott,* 264 F.3d at 1173). Moreover, to satisfy the fourth *Elliott* factor, "the error [must] seriously affect[ ] the fairness, integrity or public reputation of judicial proceedings[,] as that test was employed in *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)." *Hahn*, 359 F. 3d 1327 (internal quotations omitted).

Here, Lamson does not allege that the district court relied on an impermissible factor or that the sentence exceeded the statutory maximum. Nor does she claim that the waiver was otherwise unlawful. As discussed above, Lamson fails to set forth facts which would arguably demonstrate that ineffectiveness of her counsel affected the voluntariness of her plea.

### III. Conclusion

Accordingly, we conclude jurists of reason would not find it debatable whether the petition states a valid claim of the denial of a constitutional right, nor would jurists of reason debate whether the district court was correct in its procedural ruling. Lamson validly waived her appellate rights. Therefore, we DENY Lamson's request for a COA and DISMISS this appeal.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge