**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 20 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER LLOYD ELLIS,

Defendant - Appellant.

No. 04-6201
(W. Dist. of Oklahoma)
(D.Ct. No. 03-CV-1762-F)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**[*]

_____

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

_____

After examining appellant's brief and the appellate record, this panel unanimously determines that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

_____

[*] This order is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I. Background

Christopher Ellis, a federal prisoner proceeding *pro se,*[1] requests a certificate of appealability (COA) to challenge the district court's dismissal of his 28 U.S.C. § 2255 habeas petition claiming ineffective assistance of counsel at his plea negotiation and sentencing. Ellis was indicted on seven drug-related counts. On October 9, 2002, he entered into a plea agreement where, *inter alia*, he pled guilty to count one of a superseding information, the manufacture of methamphetamine, in exchange for the government's motion to dismiss the remainder of the charges. The plea agreement also contained a waiver of his right to appeal, both directly and collaterally, unless: 1) the district court departed upward from the sentencing guideline range; or 2) the appeal was based on a subsequent change in Tenth Circuit or Supreme Court case law that is "held by the Tenth Circuit or Supreme Court to have retroactive effect." (R. Doc. 33 at 5) At sentencing, over the objections of Ellis' counsel, the district court concluded his relevant conduct warranted a corrected quantity of drugs and a six-point enhancement based on its finding that Ellis's offense involved substantial risk of harm to the life of a minor. U.S.S.G. § 2D1.1(b)(5)(C)(2003).[2] The district court

---

[1]On appeal, we liberally construe Ellis's pleadings and submissions. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[2]This provision is currently found at U.S.S.G. § 2D1.1(b)(6)(C)(2004).

sentenced Ellis to 292 months imprisonment to be followed by a five-year term of supervised release.

Ellis did not file a direct appeal. Instead, he filed a *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel. The district court dismissed Ellis's motion, concluding he waived his appellate claims by accepting the plea agreement. Ellis then filed a notice of appeal, a motion for a COA and a motion to proceed *ifp*. The district court granted Ellis' motion to proceed *ifp*, but denied his request for a COA. Ellis then filed a motion for COA with this Court.

## II. Discussion

When "a district court denies a habeas petition on procedural grounds, without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595 (2000).

"[I]n reviewing appeals brought after a defendant has entered into an appeal waiver, [we] determine: (1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and

-3-

voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . ." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). Ellis contends his ineffective assistance claims were not waived for three reasons. First, he alleges his plea was not knowing and voluntary due to his counsel's ineffective assistance. Second, he contends his claim is based on retroactive changes in the law as reflected in *Blakely v. Washington*, __U.S.__, 124 S.Ct. 2531, (2004), decided subsequent to his plea and therefore not within the scope of the waiver. Finally, he argues that the enforcement of the waiver would result in a miscarriage of justice. We address each of these arguments in turn.

### A.    Validity of Plea

Collateral attacks based on ineffective assistance of counsel claims are waived unless the petition challenges the validity or voluntariness of the plea or waiver. *United States v. Cockerham,* 237 F.3d 1179, 1187 (10th Cir. 2001). In support of his §2255 motion, Ellis argued his plea of guilty and the plea agreement were not valid because counsel told him he could expect a sentence of approximately 70 to 87 months and never discussed the meaning of the waiver. (R. Doc. 62 at 6-8.) The district court rejected this argument on two bases. First, Ellis did not allege his counsel represented an estimated sentence that was pursuant to a promise or agreement with the prosecutor. Rather, counsel's

statement regarding the length of his expected sentence was merely a prediction insufficient to render the plea involuntary. *Fields v. Gibson,* 277 F.3d 1203, 1214 (10th Cir. 2002) ("'An erroneous sentence estimate by defense counsel does not render a plea involuntary . . . . And a defendant's erroneous expectation, based on his attorney's erroneous estimate, likewise does not render a plea involuntary.'") (quoting *Wellnitz v. Page,* 420 F.2d 935, 936-37 (10th Cir.1970)) (internal citations omitted). Second, based on the extensive colloquy between Ellis and the court at the time of his plea, the district court determined he could not credibly argue he did not understand the plain terms of the agreement. Because the remainder of Ellis's ineffective assistance claims related to counsel's conduct *after* the plea agreement was entered, the district court determined these claims could not affect the validity of the agreement itself.

When determining whether a waiver of appellate rights was knowing and voluntary, we examine the specific language of the plea agreement and assess the adequacy of the Federal Rule of Criminal Procedure 11 colloquy. *Hahn*, 359 F.3d at 1325.[3] Here, the language of the plea agreement is quite specific and the colloquy at the plea hearing examined Ellis' understanding of its terms in depth.

---

[3]It appears, on appeal, Ellis has abandoned his claim regarding his counsel's failure to explain the meaning of a waiver, since he now claims his counsel told him "if they added to the guideline sentencing range for more drugs or child endangerment, then the 'waiver' would be void and he would beat any other enhancement on appeal." (Appellant's Br. at 6.)

For example, the agreement clearly states that "[t]he maximum penalty which could be imposed as a result of this plea is not less than five and not more than 40 years imprisonment . . . ." (R. Doc. 33 at 2.) Further, the plea agreement repeatedly clarifies that the district court is not obligated to confine its judgment to the "stipulations, agreements, or recommendations" therein, but that Ellis "understands that a sentencing guideline range for his case will be determined by the Court under the guidelines issued by the U.S. Sentencing Commission." (R. Doc. 33 at 3-4.) For these reasons and those stated by the district court, we conclude Ellis' claim that his plea was involuntary and consequently invalidated is without merit.

B.    *Change in Law*

Ellis next argues that *Blakely* is a retroactive change in law and, therefore, his plea agreement allows his challenge of the district court's drug quantity findings and the imposition of the six-point enhancement. In *Blakely*, after reviewing the State of Washington's sentencing guidelines, the Supreme Court held the relevant statutory maximum sentence a judge may impose is one based on "*facts reflected in the jury verdict or admitted by the defendant,*" __U.S. at __, 124 S.Ct. at 2537, and not based on additional fact-finding by a judge. The Supreme Court has recently applied its holding in *Blakely* to sentencing under the federal sentencing guidelines. *United States v. Booker*, __U.S.__, 125 S. Ct. 738

(2005). Ellis maintains *Blakely* removed the district court's authority to increase the amount of drugs for sentencing purposes or to apply the enhancement because he never admitted conduct that could be construed as creating a substantial risk of harm to the life of a minor.

Ellis is mistaken, however, in his assertion that the rule articulated in *Blakely* places his appeal outside the scope of his waiver. The specific language of the plea agreement states that Ellis's appeal must be based on a rule that is "held by the Tenth Circuit or Supreme Court to have retroactive effect." In *United States v. Price*, we recently held "*Blakely* did not announce a watershed rule of criminal procedure that would apply retroactively to initial § 2255 motions. " 400 F.3d 844, 849 (10th Cir. 2005). Consequently, Ellis's *Blakely* claim is within the scope of the express language of his plea agreement waiver and is therefore waived.

C.    *Manifest Injustice*

Ellis argues that the enforcement of his waiver of appellate rights would result in manifest injustice. This is a narrow analysis subject to factors listed in *United States v. Elliott,* 264 F.3d 1171, 1174 (10th Cir.2001). *Hahn*, 359 F.3d at 1327. We will apply an exception to appellate waiver "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the

waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* (citing *Elliot*, 264 F.3d at 1173). Moreover, to satisfy the fourth *Elliott* factor, "the error [must] seriously affect[ ] the fairness, integrity or public reputation of judicial proceedings[,] as that test was employed in *United States v. Plano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)." *Hahn*, 359 F. 3d 1327 (internal quotations omitted).

Here, Ellis does not allege that the district court relied on an impermissible factor or that the sentence exceeded the statutory maximum. Nor does he claim that the waiver was otherwise unlawful. As discussed above, Ellis fails to set forth facts which would arguably demonstrate that ineffectiveness of his counsel affected the voluntariness of his plea.

### III. Conclusion

Accordingly, we conclude jurists of reason would not find it debatable whether the petition states a valid claim of the denial of a constitutional right, nor would jurists of reason debate whether the district court was correct in its procedural ruling. Therefore, we DENY Ellis's request for a COA and DISMISS this appeal.

> **Entered by the Court:**
>
> **Terrence L. O'Brien**
> United States Circuit Judge