**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 2, 2007**

**TENTH CIRCUIT**

JOSHUA L. GARDNER,

          Petitioner-Appellant,

    v.

DAVID R. McKUNE, Warden,
Lansing Correctional Facility;
ATTORNEY GENERAL OF THE
STATE OF KANSAS; LOUIS
BRUCE, Warden, Hutchinson
Correctional Facility,

          Respondents-Appellees.

No. 07-3110

District of Kansas

(D.C. No. 06-CV-3149-KHV)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

---

Joshua L. Gardner, a state prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Gardner has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and dismiss the appeal. *Id.* § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

## Background

On October 19, 2001, in Overland Park, Kansas, Mr. Gardner stole a car while armed with a handgun. The State of Kansas charged him with aggravated robbery and aggravated battery.

Mr. Gardner entered plea negotiations with the state on April 14, 2003 and eventually decided to plead no contest to aggravated robbery and aggravated assault. The negotiations were based on the assumption that Mr. Gardner had a criminal history score of "I," as reported by a court services officer. This score would have resulted in a sentencing range of 55 to 61 months for aggravated robbery and 11 to 13 months for aggravated assault. His attorney informed the trial court that he would seek a concurrent sentence of 59 months for both crimes, but that the state would argue for consecutive sentences totaling 71 months.

The Kansas district court entered into a colloquy with Mr. Gardner before accepting his change of plea. The court emphasized that it could issue any sentence within a broad statutory range. The court specifically told Mr. Gardner that, depending on his prior criminal record, if any, it could sentence him to between 55 and 247 months for the aggravated robbery conviction and between 11 to 34 months for the aggravated assault conviction. The court advised Mr. Gardner that the State's recommendations were merely recommendations and that it could impose any sentence up to the maximum.

During the sentencing hearing, the court services officer informed all parties that Mr. Gardner's proposed criminal history score of "I" was erroneously low because it did not reflect a juvenile conviction. When his juvenile conviction was included, Mr. Gardener's corrected score was "D," which would result in a range of 89 to 100 months for aggravated robbery. Mr. Gardner moved to withdraw his plea based on this change to his criminal history score.

The state district court denied the motion. Acknowledging that the court services officer had made "not a small mistake" by initially failing to consult the Kansas Bureau of Investigation and accurately ascertain Mr. Gardner's criminal history, the court ruled that Mr. Gardner should have known and been able to disclose to his attorney his own history, and that his attempt to withdraw his pleas was opportunistic. Mr. Gardner argued that he suffered from a head injury, which might have impaired his memory or comprehension. The court rejected this argument, finding it unlikely he would forget an adjudication that had occurred so recently (in 1998). And the court found that Mr. Gardner's medical records suggested he was malingering and not actually impaired. Accordingly, the court imposed a concurrent sentence of 94 months for the aggravated robbery conviction and 12 months for the aggravated assault conviction.

In this § 2254 petition Mr. Gardner sets forth two grounds for relief, both of which he presented and exhausted before the Kansas courts: (1) that his plea was not "knowing and voluntary" because he relied upon the incorrect criminal

history report, and (2) that use of juvenile criminal history in sentencing violated his Sixth and Fourteenth Amendment rights under *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

### Discussion

The denial of a motion for relief under 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). This Court may grant a COA on a claim adjudicated in a state court only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d)(1)–(2). A petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). We conclude that reasonable jurists would agree that Mr. Gardner's petition was resolved correctly. We therefore deny his request for COA.

**A. Denial of Motion to Withdraw Plea Agreement**

The Due Process Clause of the Fourteenth Amendment requires that guilty pleas be entered into knowingly and voluntarily. *See Boykin v. Alabama*, 395

U.S. 238, 242 (1969). Mr. Gardner contends that the incorrect advice he received about his criminal history prevented him from knowingly entering into the agreement.

The Supreme Court has not squarely addressed whether miscalculated sentencing ranges compromise a plea agreement's constitutionality. This Circuit, however, holds that "'[a]n erroneous sentence estimate by defense counsel does not render a plea involuntary. . . . And a defendant's erroneous expectation, based on his attorney's erroneous estimate, likewise does not render a plea involuntary.'" *Fields v. Gibson*, 277 F.3d 1203, 1214 (10th Cir. 2002) (quoting *Wellnitz v. Page*, 420 F.2d 935, 936–37 (10th Cir. 1970)). Based on this precedent, we conclude that Mr. Gardner's erroneous expectation did not render his plea involuntary. The colloquy between the court and Mr. Gardner assured that his plea was voluntary and that he understood that the court was not bound to impose any specific sentence. After being advised that his sentence could be as long as 247 months in prison, Mr. Gardner still pleaded no contest. That the sentence ultimately imposed was longer than what he expected does not, therefore, violate clearly established federal law or render Mr. Gardner's plea constitutionally invalid.

Relatedly, Mr. Gardner argues that his counsel was ineffective for failing to investigate his criminal history, but this argument can not stand on its own. Mr. Gardner "must show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In the context of a guilty plea, this requires Mr. Gardner to "show that he would not have pled guilty had his attorney performed in a constitutionally adequate manner." *Miller v. Champion*, 262 F.3d 1066, 1068 (10th Cir. 2001). Pleas may be invalid if defense counsel "materially misinforms the defendant of the consequences of the plea . . . by falsely alleging that promises or guarantees exist," or tells "the defendant that . . . he must plead guilty." *Fields*, 277 F.3d at 1213.

Mr. Gardner makes no showing of inaccurate advice, coercion, or bad faith. He instead cites his counsel's supposed failure to investigate his juvenile convictions. Mr. Gardner's attorney, however, did not know that the court services officer provided an inaccurate criminal history report, and under the circumstances it was reasonable for his attorney to rely on the report provided. "Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney"—such as the evaluations of Mr. Gardner's attorney here—"will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts." *McMann v. Richardson*, 397 U.S. 759, 770 (1970).

Mr. Gardner argues that Kansas law regarding plea agreements should have allowed him to withdraw his plea prior to sentencing, but we are bound by a state court's interpretation of its own law. *See Estelle v. McGuire*, 502 U.S. 62, 67–68

(1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

## B. Application of Juvenile Conviction in Criminal History Score

Facts of prior convictions are a narrow exception to *Apprendi*'s rule that sentence-enhancing factual findings must be admitted by the defendant or submitted to a jury. *See Apprendi*, 530 U.S. at 488–89. This Circuit has not yet decided whether juvenile proceedings count as "prior convictions." Mr. Gardner urges us to rule that *Apprendi* bars admission of juvenile convictions in sentencing, as the Ninth Circuit decided in *United States v. Tighe*, 266 F.3d 1187, 1194 (9th Cir. 2001). *But see United States v. Burge*, 407 F.3d 1183, 1187–91 (11th Cir. 2005) (holding that juvenile conviction may be considered as "prior convictions" under *Apprendi*); *United States v. Jones*, 332 F.3d 688, 694–96 (3d Cir. 2003) (same); *United States v. Smalley*, 294 F.3d 1030, 1031–33 (8th Cir. 2002) (same). We need not answer this question today. Even accepting *Tighe*, Kansas's use of Mr. Gardner's prior juvenile conviction is neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent. *See Boyd v. Newland*, 467 F.3d 1139, 1152 (9th Cir. 2006) (acknowledging *Tighe* but concluding that the use of juvenile convictions does not violate federal law as

determined by the Supreme Court). Under the narrow standard of review applicable to habeas petitions, therefore, the district court properly denied relief.

## Conclusion

Accordingly, we **DENY** Joshua L. Gardner's request for a COA, **DENY** his motion for IFP as moot, and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge