**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 21, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MELVIN HARRIS,

        Petitioner-Appellant,

v.

RAY ROBERTS, Warden, El Dorado
Correctional Facility, and DEREK
SCHMIDT, Kansas Attorney General,

        Respondents-Appellees.

No. 12-3045
(D.C. No. 5:10-CV-03181-SAC)
(D. of Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Melvin Harris, a Kansas state prisoner, seeks a certificate of appealability

(COA) to challenge the district court's denial of his 28 U.S.C. § 2254 petition for

a writ of habeas corpus. The district court denied habeas relief on all of Harris's

claims. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

construe Harris's filing liberally because he is proceeding *pro se.  See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

Nonetheless, no reasonable jurist could conclude the district court's dismissal was incorrect.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, we DENY the application for a COA, GRANT the motion to proceed in forma pauperis, and DISMISS the appeal.

## I.  Background

Harris was found guilty of second-degree murder, forgery, criminal possession of a firearm, and theft—violations of K.S.A. §§ 21-3402, 3710, 4204, and 3701, respectively.  His conviction was affirmed by the Kansas Court of Appeals, *State v. Harris*, 130 P.3d 1247 (Kan. Ct. App. 2006) (unpublished table decision), and he unsuccessfully sought post-conviction relief in Kansas state courts, *Harris v. State*, 223 P.3d 837 (Kan. Ct. App. 2010) (unpublished table decision).

Harris instituted this § 2254 action in federal district court, asserting fifteen grounds for relief.  For the sake of efficiency, the district court chose to bundle his arguments into four main claims: Harris claims that (1) he was denied a fair trial due to judicial and trial errors; (2) his sentence violates the Eighth and Fourteenth Amendments of the United States Constitution; (3) his prior convictions were improperly considered in violation of *Apprendi v. New Jersey*,

530 U.S. 466 (2000); and (4) he was denied his Sixth and Fourteenth Amendment rights to effective assistance of trial counsel.

In a 34-page Memorandum and Order, the district court considered and rejected all of Harris's claims.

## II. Discussion

To appeal the district court's denial of his § 2254 petition, Harris must obtain a COA by making "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He may make this showing by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Id.*

For substantially the same reasons set forth by the district court, we find Harris has failed to make the requisite showing for a COA. The district court's 34-page Memorandum and Order thoroughly analyzes the record and is supported by the applicable law. Harris has raised the same fifteen claims to this court that were raised below, arguing that (1) he was denied a fair trial due to judicial and trial errors; (2) his sentence violates the Eighth and Fourteenth Amendments of the United States Constitution; (3) his prior convictions were improperly

considered in violation of *Apprendi*; and (4) he was denied his Sixth and Fourteenth Amendment rights to effective assistance of trial counsel.

Harris raises ten issues with respect to his claim that he was denied a fair trial. Harris argues that the court erred: by failing to give two jury instructions, (a) an "accomplice instruction," and (b) a lesser included offense instruction for voluntary manslaughter; by not suppressing his confession; by admitting certain evidence, (a) a gun and (b) three photographs of the crime scene; by not doing more to secure a defense witness; by admitting evidence of other bad acts without giving the jury a limiting instruction; by allowing a pretrial amendment of the information that was: (a) defective for lack of jurisdiction, and (b) too close to the start of the trial; and cumulative error.

After reviewing the record, and for substantially the same reasons as the district court below, we agree Harris has not shown any errors of constitutional significance, and that the resolution of these claims on the merits by the state courts was not contrary to or an unreasonable application of clearly established federal law, as required by Anti-Terrorism and Effective Death Penalty Act (AEDPA). *See also United States v. Rivera*, 900 F.2d 1462, 1471 (10th Cir. 1990) (finding that a cumulative error analysis should evaluate only the effect of matters determined to be error, not the cumulative effect of non-errors).

Harris raises three claims with respect to his argument that his sentence violates the Eighth and Fourteenth Amendments. He argues that: (a) his sentence

for second-degree murder constitutes cruel and unusual punishment because it is longer than his sentence would have been for first-degree murder; (b) his due process rights were violated because he had to choose between pleading to first-degree murder and its opportunity for parole after 25 years, or going to trial and risking a minimum of 44 years if convicted of second-degree intentional murder; and (c) the sentencing court erred in including a prior felony in his criminal history score because an element of a crime of conviction cannot also be used as criminal history.

As the district court correctly found, Harris's sentence was within statutory limits, and so does not violate the Eighth Amendment. *See United States v. Delacruz-Soto*, 414 F.3d 1158, 1168 (10th Cir. 2005) (citation omitted). With respect to the issue of including a prior felony in his criminal history score, Harris's argument is predicated on his belief that a controlling state law case was wrongly decided. As the district court found, this issue is merely a question of state law and does not implicate federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (holding that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

Under *Apprendi*, Harris argues that using his juvenile adjudications to enhance his sentence was impermissible because they do not fall within *Apprendi's* state exception for "prior conviction." But the Kansas Supreme Court has ruled otherwise. *See State v. Hitt*, 273 Kan. 224, 236 (2002). While we have

not yet decided whether juvenile proceedings count as "prior convictions" for purposes of *Apprendi* application, we have held that Kansas's determination is neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent. *See, e.g., Gardner v. McKune*, No. 07-3110, 2007 WL 2204352, at \*3 (10th Cir. Aug. 02, 2007).

Finally, with respect to his claim that he was denied his Sixth and Fourteenth Amendment rights to effective assistance of counsel, Harris argues that his trial counsel failed to properly investigate and develop the testimony of two witnesses who would have supported his defense. The state court rejected this claim, finding that counsel's decision was merely strategic. As the district court found, counsel's performance was constitutionally sufficient and not a violation of *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

In sum, none of the grounds asserted rises to the level of a substantial showing of a denial of a constitutional right as required for a COA to issue.

## III. Conclusion

For the reasons stated above we DENY Harris's application for a COA, GRANT the motion to proceed in forma pauperis, and DISMISS the appeal.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge

-6-