**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



ROBERT CHARLES JONES,

              Petitioner-Appellant,

v.

JACK PALMER; ATTORNEY
GENERAL FOR THE STATE OF
NEVADA,

              Respondents-Appellees.

No.   17-15575

D.C. No. 3:11-cv-00467-MMD-WGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted October 9, 2018
San Francisco, California

Before:  D.W. NELSON, W. FLETCHER, and BYBEE, Circuit Judges.

Robert Jones appeals the dismissal of his federal habeas petition.  We have

jurisdiction under 28 U.S.C. §§ 1291, 2253.  We review the district court's order de

novo.  *Dickens v. Ryan*, 740 F.3d 1302, 1309 (9th Cir. 2014) (en banc).  We affirm.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Jones was convicted of first-degree murder for the 1978 murder of Rayfield Brown. At the penalty phase, Jones was sentenced to death. On October 17, 1985, the Nevada Supreme Court affirmed Jones's conviction but vacated his death sentence, finding that the prosecutor had misstated the powers of the pardon board. On remand, the state filed notice of intent to seek the death penalty again. On March 2, 1987, Jones's counsel wrote a letter to Jones advising him to accept an offer from the District Attorney's Office to stipulate to a sentence of life without parole. Citing available statistics and qualifying his prediction throughout the letter, Jones's counsel concluded that Jones "would most likely be able to have a life outside at some point" even if Jones agreed to a stipulated life sentence. On March 23, 1987, Jones agreed to a stipulated sentence of life without the possibility of parole and waived his right to a penalty hearing.

Jones's amended petition for writ of habeas corpus raised two grounds: (1) a claim under *Carter v. Kentucky*, 450 U.S. 288 (1981)[1] and (2) an ineffective assistance of counsel claim based on his counsel's advice that he agree to a stipulated life-without-parole sentence. The district court denied Jones's petition and granted a certificate of appealability on the ineffectiveness ground.

---

[1] The district court did not issue a certificate of appealability with respect to this claim, and we decline to expand the certificate to reach this issue. *Mardesich v. Cate*, 668 F.3d 1164, 1169 n.4 (9th Cir. 2012).

An ineffective assistance of counsel claim involves a two-prong inquiry. "First, the defendant must show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Second, the defendant must show that the deficient performance prejudiced the defense." *Id*. With respect to erroneous sentencing advice and deficient performance, "a mere inaccurate prediction, standing alone, [does] not constitute ineffective assistance[.]" *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986) (citing *McMann v. Richardson*, 397 U.S. 759, 770 (1970) and *Wellnitz v. Page*, 420 F.2d 935, 936 (10th Cir. 1970) (per curiam)). Rather, "erroneous predictions regarding a sentence are deficient only if they constitute 'gross mischaracterization of the likely outcome' of a plea bargain 'combined with . . . erroneous advice on the probable effects of going to trial.'" *United States v. Keller*, 902 F.2d 1391, 1394 (9th Cir. 1990) (quoting *Iaea*, 800 F.2d at 865).

Jones argues that his counsel's prediction that he would "most likely" be released at some point after stipulating to a life without parole sentence constituted deficient performance. But read as a whole, counsel's letter urging Jones to agree to the stipulated sentence did not grossly mischaracterize the likely outcome of his agreement to the stipulation, and counsel did not give erroneous advice on the probable effects of going to trial. Jones's counsel consulted the available information about the likelihood that Jones might eventually receive a pardon. Though he may

3

have been overly optimistic in his assessment of Jones's chances of being released from prison, Jones's counsel qualified his prediction significantly in the letter and accurately described the likely outcome of a resentencing proceeding.

**AFFIRMED.**